Selden, J.,
 

 delivered the opinion of the court.
 

 The written agreement between the defendants and John Quin, the immediate employer of the persons through whose -carelessness the injury to the plaintiff was occasioned, contained the following clause: “ The whole work to be done under the direction, and to the entire satisfaction of the commissioner of repairs and supplies, the superintendent of roads, and the surveyor having charge of the work: and the certificate of the superintendent of roads and the surveyor, to that effect, will be a condition precedent to the acceptance of the work and payment for the same.” It is claimed that this clause distinguishes this case in principle from those of
 
 Blake
 
 v.
 
 Ferris,
 
 (1
 
 Selden,
 
 48,) and
 
 Pack
 
 v.
 
 The Mayor &c. of New- York,
 
 (4
 
 Selden’s Rep.
 
 222.)
 

 In the last of these cases the contract contained a clause by which the contractor engaged
 
 to conform the work
 
 to such further directions as might be given by the corporation or its officers. It was claimed that this clause distinguished the case from that of
 
 Blake
 
 v.
 
 Ferris, (supra.)
 
 But the court held, that the effect of this clause was to give to the corporation power to direct as to the results of the work merely; that is, its condition, when completed; that it gave them no control over the contractor or his workmen, as
 
 to
 
 the
 
 manner
 
 of performing it, and had no tendency therefore to create the relation of master and servant, or of principal and agent, between the corporation or its officers, and the contractor or the workmen employed by him. In the case at bar the language is somewhat broader and more comprehensive.
 
 “
 
 The whole work” is to be done
 
 “
 
 under the direction and to the entire satisfaction,” &.C. Still I think the reasoning
 
 *428
 
 of the court in the case of
 
 Pack
 
 v.
 
 The Mayor &c.
 
 applies equally to this. The clause in question clearly gave to the corporation no power to control the contractor in the choice of his servants. That he might make his own selection of workmen will not be denied. This right of selection lies at the foundation of the responsibility of a master or principal, for the acts of his servant or agent. In the case of
 
 Pack
 
 v.
 
 The Mayor &c., (supra,)
 
 Jewett, J., says:
 
 “
 
 The party employing has the selection of the party employed, and it is reasonable that he who has made choice of an unskillful or careless person to execute his orders, should be responsible for an injury resulting from the Want of skill, or want of care, of the person employed.” As a general rule, certainly, no one can be held responsible as principal, who has not the right to choose the agent from whose act the injury flows. There may be exceptions, as in the case of
 
 Bailey
 
 v.
 
 The Mayor &c. of New-York,
 
 (3
 
 Hill,
 
 531.) The principle of that case, however, has no application to this. But the corporation, in addition to its want of power to protect itself by the employment of suitable workmen, had no power to direct in this case, any more than in that of
 
 Pack
 
 v.
 
 The Mayor, &c.,
 
 as to the particular manner of performing the work. The object of the clause relied upon, was not to give to the commissioner of repairs, and the other oflicer named, the right to interfere with the workmen, and direct them in detail
 
 how
 
 they should proceed, but to enable them to see that every portion of the work was satisfactorily completed. It authorized them to prescribe
 
 what
 
 was to be done, but not
 
 hoto
 
 it was to be done, nor
 
 who
 
 should do it. This case, therefore, cannot be distinguished in principle from those already decided by this court; and it would be a work of mere supererogation to repeat the reasoning in those cases.
 

 The judgment of the common pleas must be reversed and a new trial ordered, with costs to abide the event.
 

 Judgment accordingly.