JOSEPH KING, APPELLANT, *v.* EDWARD LIVERMORE AND JAMES SLATTERY, RESPONDENTS.

*Master and servant — Contractor — negligence of — liability of owner for.*

The defendant L. made a contract with the defendant S., by which the latter agreed to remove the earth and rock from a vacant lot of the former, which adjoined upon the west a lot belonging to the plaintiff, upon which was a brick stable. Subsequently the defendant S. sublet the contract to the defendant M., who proceeded so negligently and carelessly in the performance thereof as to injure the said stable. Such injury was not necessarily caused or produced by the performance of either of said contracts, but was due entirely to the negligence of the defendant M. and his workmen. In an action to recover damages for the injuries so occasioned, *held,* that the defendant M. alone was liable, and that the complaint was properly dismissed as to the other defendants.

APPEAL by plaintiff from a judgment in favor of defendants, Livermore and Slattery, entered upon the trial of this action by the court at Special Term.

Judgment was also given in favor of plaintiff against one. McNamara, another of the parties defendant in said action.

*L. S. Chatfield,* for the appellant. The plaintiff was entitled to the undisturbed possession of his property, subject to the right of

Livermore to enjoy his property in the usual way, and to dig a proper foundation for his building. This was a lawful act; but if in the exercise of this right he injured the property of the plaintiff, he must respond in damages. (*Hay* v. *Cohoes Co.*, 2 N. Y., 159; *Tremain* v. *Same*, id., 163.) Irrespective of the question of negligence, the liability is absolute, it appearing that the work might have been done without damage to plaintiff's property. If defendant could not do the work without inflicting the injury, he should have abandoned that mode of using his property, or pay the damages resulting therefrom. (*Hay* v. *The Cohoes Co.*, 2 N. Y., 161; *Lasala* v. *Holbrook*, 4 Paige, 173; *Lambert* v. *Bessy*, Sir T. Raym., 421; *Tremain* v. *Cohoes Co.*, 2 N. Y., 163; *Panton* v. *Holland*, 17 Johns., 92.)

*Rowan & Helm*, for respondent Livermore. The defendant Livermore having entered into a written contract with the defendant Slattery, is not liable for the negligence or carelessness of Slattery, or those employed by him to do the work. (*O'Rourke* v. *Hart*, 7 Bosw., 511; *McCamus* v. *The Citizens' Gas Co.*, 40 Barb., 380; *Radcliff Ex.* v. *Mayor, etc.*, 4 N. Y., 195; *Selden* v. *The Del. and Hud. Canal Co.*, 29 id., 642; *Williams* v. *Kenney*, 14 Barb., 629; *Farrand* v. *Marshall*, 19 id., 380.) Where the defendant, in the exercise of ordinary skill and care, in making an excavation for the improvement of his own lot, had dug so near the foundation of the plaintiff's house as to cause it to crack and settle, it was held he was not liable for the injury, and that it is the duty of the plaintiff to shore or prop up his own building so as to secure it in the mean time. (*Panton* v. *Holland*, 17 Johns., 92; *Lasala* v. *Holbrook*, 4 Paige, 169, approved; *Lotman* v. *Milks*, 21 N. Y., 514.) Where work is done under a contract, and an injury to the individual occurs from the acts or negligence of the servants of the contractor, the owner of the building is not responsible, unless the work itself is a nuisance or the necessary result of the contract itself. (*Blake* v. *Ferris*, 5 N. Y., 48; *Vanderpool* v. *Husson*, 28 Barb., 196; *McCamus* v. *Citizens' Gas Co.*, 40 Barb., 280; *Creed* v. *Hartman*, 29 N. Y., 591; *Osborn* v. *Union Ferry Co.*, 53 Barb., 629.) The evidence shows that the blasting was not a nuisance, but could have been done without injury to the plaintiff. In such cases defendant is

not liable. (*Marvin* v. *Brewster Iron Mining Co.*, 55 N. Y., opin. by Mr. Justice FOLGER, 556, 557, 561; *Losee* v. *Buchanan et al.*, 51 N. Y.; opin. by EARL, C., 479; *Kelly* v. *Mayor*, 11 N. Y., 432; *Gardner* v. *Bennett*, Gen. Term Superior Court.)

*W. McDermott*, for respondent Slattery. The injury having been done by the carelessness of McNamara, and not necessarily resulting from the performance of the contract, and Slattery having no control over the work or its manner of performance while the injuries were sustained, is not liable. (*Blake* v. *Ferris*, 5 N. Y., 48; *Stevens* v. *Armstrong*, 2 Seld., 435; *Pack* v. *The Mayor, etc.*, 4 id., 222; *Blackwell* v. *Wiswall*, 24 Barb., 355; *Kelly* v. *The Mayor*, 1 Kern., 432; *Gourdier* v. *Cormack*, 2 E. D. S., 254; *McCafferty* v. *The Spuyten Duyvil R. R. Co.*, 61 N. Y., 178.)

BRADY, J.:

The learned justice presiding at Special Term found as follows:

1. That the plaintiff, for twelve months and more prior to the commencement of this action, was, and still is possessed as owner in fee of the premises known as Nos. 45 and 47 East Forty-first street, in the city of New York; and that said lot is fifty feet in front on East Forty-first street, and about 143 feet in depth on the westerly line.

2. That the defendant Livermore, at the time of the commencement of this action, was, and still is the owner of the lot of land adjoining the plaintiff's premises on the westerly side thereof.

3. That the plaintiff has a two-story and a-half brick stable built on his said land, which covers the entire surface of the said lot.

4. That on or about the 8th day of February, 1873, the defendant Livermore made a contract in writing with the defendant Slattery, whereby the said defendant Slattery agreed to excavate and cart off from his said premises all the rock and earth to a depth, if wanted, of ten feet, at the price of one dollar and twenty-five cents per cubic yard for the earth, three dollars per cubic yard for rock.

5. That the said defendant Slattery subsequently, and before the commencement of any work under said contract, made a verbal contract or agreement with the defendant McNamara for the

removal of said rock, and the performance of the work called for by said contract with Livermore.

6. That the said McNamara commenced the performance of said work called for by the said contract with the defendant Slattery, and did so negligently and carelessly perform the same as to injure and damage the building on plaintiff's said premises.

7. That the said injury and damage so caused to plaintiff's building was not necessarily caused or produced by the performance of either of said contracts so made by the defendant Livermore with the defendant Slattery, or by the said Slattery made with said McNamara, but was caused solely by the carelessness and negligence of the said defendant McNamara and his workmen.

And, as conclusions of law from the foregoing facts, found:

1. That the complaint should be dismissed as against the defendants Livermore and Slattery, with costs.

2. That plaintiff is entitled to judgment against the defendant McNamara for the damages caused to his said building; and that it be referred to a referee to ascertain and report what damages have been so caused to plaintiff's said building.

The plaintiff feels aggrieved by these findings as to the defendants Livermore and Slattery, and seeks a new trial   If the relation of master and servant exist between either of them and the defendant McNamara, then the conclusions of the learned judge as to such persons were erroneous.   The rule is too well settled now to be questioned, that the original employer cannot be held responsible for acts of negligence committed by a subcontractor, or his servants over whom he has no control, unless the work to be done would necessarily produce the injuries complained of, or unless he authorized or permitted a nuisance upon his premises. The doctrine has recently been considered and reiterated. (*McCafferty* v. *S. D. and P. M. R. R. Co.*, 61 N. Y., 178.)

In this case there was no pretense that the work to be done would necessarily cause the injuries complained of; on the contrary, it appears from the evidence that it could have been done in such a way as to avoid any injury.   It is not claimed either that the defendants authorized or permitted a nuisance on the premises. The value of the appeal rests, therefore, upon the relations between the parties, as already suggested.   The defendant Livermore had a

right to excavate or to remove the rock from his land, and was not engaged, therefore, in an unlawful enterprise. He employed Slattery to do the work to be done, and he alone was his servant for the purpose. The party employing has the selection of the party employed (as said by ROLFE, B., in *Hobbit* v. *London, etc.*, 4 Exch., 255); "and it is reasonable that he who has made choice of an unskillful or careless person to execute his orders should be responsible for any injury resulting from the want of skill or want of care of the person employed; but neither the principle of the rule nor the rule itself can apply to a case where the party sought to be charged, does not stand in the character of employer to the party by whose negligent act the injury has been occasioned." The defendant Livermore was not the employer of McNamara; did not select him, and is not, therefore, responsible for his acts. (Case *supra*, and cases cited.)

The employer, whatever may be his obligations in reference to the acts of his immediate employe, is not a guarantor of the fitness or capacity or good conduct of the person whom the latter may employ to perform the work to be done as an independent engagement. The same result herein stated affects the right of action against Slattery. He did not stand in the relation of master to McNamara, who was a subcontractor, and not subject to the control of Slattery. No other person than the master can be liable, on the simple ground that the servant is the servant of another, and his acts the acts of another. (*Blake* v. *Ferris*, 5 N. Y., 48; *Rapson* v. *Cubitt*, 9 M. & W., 710; *Kelly* v. *The Mayor*, 11 N. Y., 432.) "The rule of *respondeat superior* is simple and easily understood," said MULLETT, J., in *Blake* v. *Ferris* (*supra*), "but it must be confessed that its application in the reported cases has produced some diversity of opinion among learned judges." This opinion is illustrated by an elaborate dissenting opinion on *McCafferty* v. *S. D. and P. M. R. R. Co.* (*supra*), by DWIGHT, C., and in which there are many suggestions which seem to destroy the philosophy of the rule which has been discussed, if not its justice. When, however, we have ascertained the relations of the parties, each to the other, there is no difficulty in applying the doctrine of *respondeat superior*. It is not always easy to declare the relation. It seems to be clear, however, from the cases cited,

without calling upon others for elucidation, that a subcontractor is not a servant for the acts of whose employes the contractor is liable.   The contractor cannot select the servants or workmen, and has no control over them.. The relation of master and servant does not exist, therefore, between them.   Slattery having employed McNamara, and McNamara having employed the workmen to do the work, the latter were the servants of McNamara.   Slattery had no control over them, and was under no obligation to them. This absolves him from liability.   We apply the rule, having ascertained the relation of the parties — a rule equally applicable to the use and management of real as to personal property.   (*McCafferty v. S. D. and P. M. R. R. Co., supra.*)

The judgment must be affirmed, with costs.

Davis, P. J., and Daniels, J., concurred.

Judgment affirmed, with costs.