By the Court.—Freedman, J.
The action was. *265 brought to recover damages for injuries sustained by the plaintiff in consequence of having been struck by an iron chain which fell from the structure of the New York Elevated Railroad Company while in the course of erection.
The defense was that the work was done by independent contractors who were responsible for its proper execution.
The motion for a nonsuit at the close of plaintiff’s-case was properly denied, because at that stage of the-proceedings the plaintiff had made out a prima facie case, and no evidence had yet been given sufficient to establish the affirmative defense relied upon by the defendant.
•But at the close of the whole testimony, when plaintiff’s right to recover was again questioned, it appeared distinctly that at the time and place of the injury Quinn & Flynn were in charge of the work, and actually at work, ás contractors under a written contract with the defendant. The contract had been read in evidence, and it had been clearly shown that the-chain in question belonged to them, that it fell from the hands of Bowers, one of their workmen, and that no other person or persons were present except their workmen.
Upon this uncontradicted state of facts a verdict should have been directed for the defendant, unless the contract was of such a nature as to render the defendant liable for the negligent acts of the workmen of the contractors.
The contract was for laying the track of the New York Elevated Railroad, in accordance with certain specifications thereto annexed. It contained the necessary provisions for that purpose, and among others, the following, viz.:
“Itis further agreed, that if at any time the con tractors are not employing men, tools, implements and ma *266 chinery, in kind and quantity, to the entire satisfaction of the chief engineer of the company, and necessary in his opinion to prosecute the work with due diligence and expedition, or if at any time he shall have reason to believe that the work being done by the contractors is not in accordance with the specifications herein, and if upon receiving written notice to that effect from the chief engineer, they do not within three days thereafter comply with all his requirements, then the company shall have the right to declare this contract annulled, and to retain the fifteen per cent, as liquidated damages.”
This clause, it is claimed, gave to the defendant such a control over the contractors in the choice of their workmen, and such a control over the contractors and their workmen as to the manner of performing the work, as to make the defendant directly responsible to persons sustaining an injury in the course of the progress of the work.
It is true that the law of this state concerning principal and contractor, in regard to the liability of the principal for damage done by the contractor or his servants, is, that where the principal retains the right to control the workmen or the manner in which the work is tobe done, he is liable for any damage done to a third person by the contractor or his workmen within the scope of their employment; in other words, the contractor and his workmen are then the servants of .the principal. But it has also been repeatedly held that the employment of a superintendent or engineer or architect by the party who contracts for the work to be done, to see that it is properly done and in accordance with the contract, does not give him such a control of the wmrkmen as to make him liable for their negligent acts. The control necessary to create liability implies the right not only to direct, but to select, the workmen. It is this right of selection which lies at the *267 foundation of the responsibility of a master or principal for the acts of his servant or agent (Clare v. National City Bank, 40 Super. Ct. 104; Kelly v. Mayor, &c., 11 N. Y. 432 ; Slater v. Mersereau, 64 Id. 138).
And the principle underlying the liability of a party who has retained the right to control the manner of the performance of a certain work, is this : where the act which the defendant employs the independent contractor to do, is per se wrongful as well as injurious to the plaintiff, and does not depend for its actionability upon negligence in doing it, the defendant caunot protect himself by making such a contract, for the reason that the very act itself is wrongful as against the plaintiff, and because the defendant cannot be permitted to shield himself against the consequences of doing a wrongful act by making a contract with another to do that wrong for him. In such cases, indeed, there is no question of negligence at all (Storrs v. City of Utica, 17 N. Y. 104; Congreve v. Smith, 18 Id. 79; Eno v. Del Vecchio, 6 Duer, 17). But where the act which the defendant employs the independent contractor to do, is lawful as against the plaintiff, and the occurrence causing injury is not the necessary consequence of the contract, but results from want of care in doing the work, the defendant is not liable, because the implication of the contract is that the contractor and his workmen shall proceed in a careful and tradesmanlike way (Earl v. Beadles ton, 42 Super. Ct. 294; King v. New York Central & H. R. R. R. Co., 66 N. Y. 181).
In the cáse at bar the injury was caused solely by the negligence of one of the workmen employed and paid by the contractors, and was not the natural or necessary result of the execution of the work contracted for. The contract and specifications imposed upon the contractors, not only the duty of proceeding in a careful and tradesmanlike way, but also the duty of exercising great care in the execution of certain specified *268 parts of the work, and of employing skilled workmen. Thus, for instance, in reference to the spikers, it was expressly provided that none but the most experienced and expert spikers should be employed on the work. Now for the purpose of directing the results of the work generally, the chief engineer of the defendant possessed certain supervisory powers ; but he had no control or authority over the particular mode or manner of its performance. He could neither discharge a workman nor employ another. He had only the right to insist generally that the work should be done according to the terms of the contract and the specifications. In case it was not so done, all he could do was to serve a certain notice, and if, thereupon, the contractors failed to comply with the requirements of the notice, the defendant had the right to declare the contract annulled, and to retain 15 per cent, of the value of the work actually done as liquidated damages. Quinn & Flynn were, therefore, independent contractors, and the work in itself being lawful as against the plaintiff, the defendant is not responsible for the negligence of the workmen employed by them. The case falls within the rule laid down in Blake v. Ferris (5 N. Y. 48); Pack v. Mayor, &c. (8 N. Y. 222); Kelly v. Mayor, &c. (11 N. Y. 432); Gardner v. Bennett (88 Super. Ct. 197); Clare v. National City Bank (40 Super. Ct. 104).
The respondent contends that the judgment should be affirmed on the ground that where a duty is imposed upon a corporation, it cannot by any contract relieve itself from that duty and its liability thereunder, or shift its responsibility upon another. This rule has sometimes been enforced against a railroad company to the extent of holding it to certain liabilities arising from the control and management of the road and the exercise of its franchise. It has also been applied to corporations generally, and especially municipal corporations, and also to boards of public officers, to enforce a *269 liability arising out of the neglect of a duty specifically imposed. But it has no application to the building of a railroad. The duty did not rest upon the defendant to build the New York Elevated Railroad in person.
For the reasons stated it was error to allow the case to go to the jury. A verdict should have been directed for the defendant.
The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.
Sedgwick, Ch. J., and Trtjax, J., concurred.