SOUTHWESTERN TELEGRAPH AND TELEPHONE COMPANY V. J. S. PARIS.

Decided May 13, 1905.

**1.—Written Contract—Parol Evidence Varying.**

A written agreement complete within itself and showing that plaintiff undertook certain work as an independent contractor can not, in the absence of an allegation of fraud, accident or mistake, be varied by parol evidence that defendant's manager was to supervise the work.

**2.—Independent Contractor.**

Where plaintiff, a painter and paper hanger, contracted with defendant to do certain decorating and painting for a fixed price, plaintiff to furnish all material and employ his own help, he was an independent contractor, and not a servant of defendant, since he represented the latter's will only as to the result of the work, and not as to the means by which it was to be accomplished. Evidence held not to show that defendant's manager was exercising such supervision of the work as would alter the case and render defendant liable for an accidental injury occurring to plaintiff in the execution of the work.

**3.—Negligence—Personal Injury—Unforeseen Accident.**

Facts held to show in a personal injury case that the injury did not result from negligence on the part of defendant's manager, but from an accident not likely to have been foreseen by an ordinarily prudent person.

Appeal from the District Court of Hunt. Tried below before Hon. T. D. Montrose.

*McLaurin & Wozencraft,* for appellant.—The true test by which to determine whether one who renders service to another does so as a contractor or not, is to ascertain whether he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of this work, and not as to the means by which it is accomplished. Measured by this rule, appellee was an independent contractor. Cunningham v. Railway Co., 51 Texas, 510; Wallace v. Southern Cotton Oil Co., 91 Texas, 21; Casement & Co. v. Brown, 148 U. S., 615; see p. 622.

*Looney & Clark,* for appellee.—1. Where a part only of a contract is reduced to writing or where the terms of the writing are, when applied to the subject matter ambiguous or uncertain, the rule excluding parol evidence has no application, provided such evidence does not contradict or vary the part that is written; and especially where, as in this case, the suit is not based on a written contract and the same is only collaterally in issue. Thomas v. Hammond, 47 Texas, 54; Linney v. Wood, 66 Texas, 22; Nowlin v. Frichott, 32 S. W. Rep., 831; Strauss v. Gross, 21 S. W. Rep., 305; Railway v. Jones, 82 Texas, 156; Railway v. Doss, 36 S. W. Rep., 497, 21 Am. and Eng. Ency. Law (2d ed.), pp. 1089 to 1093, Id., pp. 1114 to 1117.

2. The employe is not an independent contractor where the employer reserves, exercises or assumes control of the work; and where such control is reserved, exercised or assumed as to only a part of the work, then, as to it the employe is not independent. Dublin v. Railway, 92 Texas, 535; Railway v. Hanning, 15 Wall., 649; Book 21 Law Ed., 220; 1 Sher. & Red. on Neg., sec. 165; 16 Am. and Eng. Ency. Law (2d ed.), p. 206 (14).

RAINEY, CHIEF JUSTICE.—The appellee sued the appellant to recover damages for personal injuries inflicted upon him by the alleged negligence of appellant's servant. A trial without a jury was had and judgment rendered in favor of appellee.

Paris, the appellee, made a contract with one McDuffie, who represented the appellant, to paint and paper some rooms for the appellant, and executed the following instrument in writing, to wit:

"July 21, 1903.

"In contract with the Southwestern Telegraph and Telephone Company I agree to paper all walls and ceilings with paper to cost 25 cents a bolt, paint all woodwork one coat, except the stairway, windows and new work is to have two coats of paint. I also agree to use a green ingrain with a blending border to match a light moire ceiling. Work is to be completed and accepted by W. P. McDuffie before paid for. Total cost to be $140.

"(Signed)   J. S. Paris."

Appellee plead that McDuffie was to supervise the work. This was denied by the appellant, it claiming that Paris was, under the contract, an independent contractor. Upon the trial the court admitted testimony offered by plaintiff tending to show that the contract was that McDuffie should supervise the work. The defendant telephone company objected to the admission of said testimony because it varied by parol the written contract between the parties, and the action of the court in admitting it is assigned as error. There was no allegation by plaintiff of fraud, accident or mistake in making the contract. In the absence of such allegations does the writing, upon its face, show an agreement that is complete within itself, and not subject to be varied by parol testimony? It specifies that Paris is to do the papering and painting, the cost and kind of paper to be used, the number of coats of paint for the different parts of woodwork, the work to be completed and accepted by McDuffie before paid for, and the total cost to be $140. The contract being in writing and stating what was the agreement between the parties, it was not subject to be varied or contradicted by parol evidence. (Railway Co. v. Smith, 98 Texas, 553, 12 Ct. Rep., 600; Railway Co. v. Garrett, 52 Texas, 133.)

This is not a case where the contract was partly verbal and partly written so as to admit testimony that McDuffie was to supervise the work. The court erred in admitting said evidence, or should have excluded it after it was shown that the contract between the parties had been reduced to writing.

Was Paris an independent contractor, or was McDuffie shown to be supervising the work in such a manner as to make the company liable for his acts? The written contract shows that Paris undertook the work on his own account, and it does not specify that McDuffie, nor any one else, was to superintend his work. Paris was an experienced paper hanger and painter. It was usual for him to contract for and undertake jobs of this nature. In this instance Paris employed his own help without any suggestion from McDuffie. There is no circumstance or act of McDuffie, except general conclusions of the witness, showing

that he was attempting to control or supervise how the papering or painting should be done. It is true that he was in the rooms where the work was being done. It was the offices of the telephone company, of which he had charge, and his telling Paris to work in this or that room was for the purpose of preventing, as far as practicable, an interference with the operation of the telephones which was being carried on there.

Paris testified that the work was not done as he would have done it had he been left to himself. Whether this applies to the method and manner of putting on the paper and paint or to the moving around from room to room at the suggestion of McDuffie, is not shown. If he intended it should apply to the method and manner of putting on the paper and paint, then he failed to specify or detail wherein McDuffie was superintending.

"The true test * * * by which to determine whether one who renders service to another does so as a contractor or not, is to ascertain whether he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of the work, and not as to the means by which it is accomplished." (Cunningham v. Railway Co., 51 Texas, 503.) Applying this test, we think Paris, as to the mode and manner of doing the work, exercised his own judgment and only represented the will of the company as to the result thereof. Paris was to furnish all the material; he was to employ his own help, and the work was to be completed by him and accepted before he was to receive any pay. Paris furnished his own tools with which to work. Nothing was to be furnished by the telephone company. When all the evidence is duly considered and the proper weight given thereto, we are of the opinion that Paris was an independent contractor, and the company is not liable for his injury.

Again, the immediate circumstances under which the injury was received do not show liability. Paris, Murphy and McDuffie were upon the running board which had been placed upon some ladders. McDuffie had nothing to do with arranging the ladders or running board. When Paris asked McDuffie to lend Murphy his knife, McDuffie said to Murphy, "Lean to one side and I will stick it into the wall." Paris said Murphy leaned and the running board fell and threw him, which caused the injury. Under these circumstances can it be said that McDuffie ought to have known or anticipated that Murphy, the partner of Paris, would have leaned far enough to have caused the running board to slip and fall and probably cause injury? We think not. Murphy was an experienced workman, and he says: "If I had had any idea the board was going over, I would certainly have never leaned over." He being experienced and McDuffie not, how can it be said that McDuffie ought to have anticipated the running board would fall, when Murphy did not? The evidence shows the accident to have been one of those that an ordinarily prudent person was not likely to foresee, and fails to show any responsibility on the part of McDuffie for the injury.

The judgment is reversed and here rendered for appellant.

*Reversed and rendered.*