## EDMUNDSON v. COCA-COLA CO.

(Court of Civil Appeals of Texas. San Antonio. June 19, 1912. Rehearing Denied Oct. 16, 1912.)

1. MASTER AND SERVANT (§ 277*)—INJURIES TO SERVANT—INDEPENDENT CONTRACTOR.

In an action for injuries to an employé, evidence *held* insufficient to show that the person by whom plaintiff was employed was the agent or servant of the defendant, and not an independent contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 953; Dec. Dig. § 277.*]

2. MASTER AND SERVANT (§ 284*)—INJURIES—QUESTION FOR JURY—PEREMPTORY INSTRUCTION.

In an action for injuries to an employé, the court may peremptorily instruct for the defendant on the ground that the person who employed the plaintiff was an independent contractor only where the evidence showing him to be such a contractor was of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn therefrom.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1000–1132; Dec. Dig. § 284.*]

3. MASTER AND SERVANT (§ 88*)—INJURIES TO SERVANT — "INDEPENDENT CONTRACTOR."

An independent contractor is one who contracts to do a specific piece of work, furnishing his own assistants and executing the work either entirely in accordance with his own ideas or with a plan previously given him by the person for whom the work is done, without being subject to the latter's orders in regard to the details, and where a contract for the erection of a building provided that the contractor should deliver a completed work, was to furnish and did furnish his own assistants, was not subject to the direction of the company for whom it was built as to the details, and the company never in fact sought to direct the work or control or select his assistants, he was an "independent contractor" rather than an agent; other facts in regard to the contract being consistent with either relation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–152; Dec. Dig. § 88.*

For other definitions, see Words and Phrases, vol. 4, pp. 3542, 3543; vol. 8, p. 7686.]

4. MASTER AND SERVANT (§ 88*)—INJURIES TO SERVANT—INDEPENDENT CONTRACTOR.

A building contract, the price to be the total cost to the contractor plus 10 per cent., was not rendered other than one with an independent contractor by a provision that, after the completion of the building, the contractor's bills for material and his pay rolls should be submitted to the company for whom it was being built to be checked and approved, as no right is thereby granted to approve or disapprove the individuals hired or from whom materials were purchased.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–152; Dec. Dig. § 88.*]

5. MASTER AND SERVANT (§ 88*)—INJURIES TO SERVANT—INDEPENDENT CONTRACTOR.

And mere advances to the contractor which were not shown to have been used by him in purchasing material would not constitute him an agent or employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–152; Dec. Dig. § 88.*]

6. MASTER AND SERVANT (§ 88*)—INJURIES TO SERVANT—INDEPENDENT CONTRACTOR.

And though the company paid the contractor the telephone, printing and stamp bills incurred by him, and the expenses of a trip to the city in which the building was being erected, such matters were as consistent with the theory of independent contractor as that of agent under a contract providing that the price should be the cost, plus a per cent., and would not render him an agent or servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–152; Dec. Dig. § 88.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by L. Edmundson against the Coca-Cola Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Carden, Starling, Carden & Hemphill, of Dallas, for appellant. Smith, Robertson & Robertson, of Dallas, for appellee.

MOURSUND, J. Appellant sued appellee to recover damages for personal injuries sustained, alleging that at the time he was an employé of appellee in the work of erecting the Coca-Cola Company building in Dallas. The defendant, in addition to other defenses, alleged that the building was constructed by Arthur Tufts, an independent contractor, and that the plaintiff was in the employ of said Tufts at the time of his injury. The court instructed a verdict for defendant on the ground that the evidence showed the building was constructed by Tufts as an independent contractor, and that plaintiff was not employed by defendant. Judgment being rendered in accordance with the instructed verdict, the plaintiff appealed.

### Findings of Fact.

The written contract between Tufts and the Coca-Cola Company was as follows: "Arthur Tufts, Contracting Engineer, 918 Austell Building, Atlanta, Ga., June 15th, 1910. Proposal for Erection of a Concrete Building for the Coca-Cola Company at Dallas, Texas. The Coca-Cola Co., Atlanta, Ga.—Gentlemen: I propose to furnish all plans and specifications and heavy machinery necessary to construct a three-story and basement reinforced concrete building, size 64' by 93'-6", situated on your lot corner North Lamar and Cochran streets, in the city of Dallas, Texas, and I propose to buy all material necessary for this building and pay for same, taking receipted bills. I further propose to furnish you a statement each month showing the cash expenditures for the previous month; and when the building is finally completed I will turn over to you all receipted bills for material and pay rolls, in order that they may be checked over and approved. For my services and furnishing plans and machinery necessary to erect this building, you are to pay me the total cost of said building plus ten per cent. Yours very truly, [Signed] Arthur Tufts. Accept-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ed: [Signed] The Coca-Cola Co., by [Signed] Chas. H. Candler, V. P."

Tufts told plaintiff at Atlanta he was erecting a building for the Coca-Cola Company at Dallas, and, if he would go to Dallas, Mr. Sammons, who was in charge of the work at Dallas, would put him to work. Plaintiff did not know for whom he worked. Sammons paid him with the rest of the men. The Coca-Cola Company kept no office at the place where the new building was being erected, and there is no evidence that any of its agents or employés (unless the said Tufts be held to be an employé or agent) ever interfered with the work on the building or directed how or by whom the same should be done. The Coca-Cola Company owned the site on which the building was erected. Payments aggregating $41,632.37 were made to Tufts by the Coca-Cola Company, according to the exhibit attached to the deposition of Chas. H. Candler, the vice president of the Coca-Cola Company. The first payment was $3,000, made June 20th, and there were 17 more made in amounts ranging from $500 to $4,029.94. The recapitulation of bills presented by Arthur Tufts to the Coca-Cola Company begins as follows: "Statement of bills paid by Arthur Tufts for the Coca-Cola Company. Dallas job." The numbers and amounts of the vouchers are given, but not their dates, nor the dates when the bills accrued. Items for telephone bills, printing bills, stamps, and expense of trip by Tufts to Dallas and return were included in the statement of amounts due Tufts by the Company, and upon which his 10 per cent. was estimated.

## Conclusions of Law.

There are nine assignments of error, complaining of different portions of the peremptory instruction for defendant. Appellant's contentions briefly stated are: (1) That the evidence shows Tufts to have been the agent or servant of the Coca-Cola Company, and not an independent contractor; (2) that the issue should have been submitted to the jury whether Tufts was an independent contractor or the agent or employé of defendant.

[1] The first contention cannot be sustained.

[2] The second is more serious. In order to sustain the action of the court in taking the question from the jury, we must find that the evidence showing Tufts to be an independent contractor was of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it.

[3] An independent contractor is defined in 26 Cyc. p. 970, to be "one who contracts to do a specific piece of work, furnishing his own assistants, and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to

the orders of the latter in respect to the details of the work." In the case of Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399, the court said: "If Davis was an independent contractor in the sense that the company had no right of control as to the manner in which the work was to be done, then he was not the servant of the company; and the plaintiff, having been employed by him, cannot recover. * * * If, however, the Southern Cotton Oil Company exercised control over the manner in which Davis was to do the work, or over the means by which it was to be done, or if the persons engaged in the work with Davis were under the control and management of the said company, then Davis was but its employé, and Wallace was likewise the servant of the said company by virtue of his employment by Davis." The contract between the Coca-Cola Company and Tufts introduced in evidence did not give the Coca-Cola Company any right to control the work on the building, nor to say how it should be done nor by whom. The company had no right under the contract to employ persons to erect the building nor to discharge them, nor is there any evidence in the record that the Coca-Cola Company ever controlled or sought to control the work on the building, or to direct by whom the same should be done.

[4] Appellant contends that the clause in the contract requiring Tufts, after the completion of the building, to submit the bills for material and his pay rolls to the Coca-Cola Company to be checked and approved, carries with it the idea that the company had the right of approval of the men who were to do the work. We think the right of approval extended only to the amounts paid for material and work, and could only be construed to give the company the right to disapprove the amounts paid for certain material and work if unreasonable, but cannot be construed to mean that the company would have the right to name the men who were to do the work or the right to discharge men who were doing the work under employment by Tufts. The pay rolls were not required to be turned over for approval until the building was completed. Certainly the contract was not intended to give the company the right, after all the work was done, of saying that certain persons should not have been permitted to do the same. The contract itself does not provide that the persons from whom material is bought and who do the work are to be approved by the company, but merely the bills and pay rolls, and we think it was clearly the intention of the parties that the right of approval or disapproval went to the amounts, and not to the persons. Nor is there any evidence that the parties themselves ever construed the contract as contended by appellant.

[5] Again, appellant says the fact that

payments were made by the company to Tufts all along, and especially that one for $3,000 was made five days after the date of the contract, is sufficient to show that Tufts was using the company's money, and not his own, in carrying out the contract, and that, therefore, he was the mere servant of the company, and not an independent contractor. The record does not show that Tufts used the company's money to buy material. It merely shows that they made advancements to him from time to time. The dates of vouchers paid by him are not given. He may have spent his own money for all material and labor, and upon showing the company the purchases and payments made by him may have induced the advancements to be made. It appears from the contract itself the company had a great deal of confidence in Tufts, probably much more than a person of average prudence would have, but, such being the fact, Tufts could likely induce them to make the advancements to him, even though he was not entitled to same under his contract, and the mere fact that such advancements were made would not be sufficient to constitute Tufts the agent or employé of the company.

[6] The only other evidence relied upon by appellant is the fact that the company paid Tufts the telephone, printing, and stamps bills incurred by him, and the expense of his trip to Dallas, and paid him his per cent. on said items, treating and considering the same as a part of the contract price of the building. It is true, if Tufts was the agent or employé of the company, he would charge them with such expenses; also, if he was to receive a lump sum for the building, such items should be considered as covered by such sum. But it does not follow that he would not, under a contract like the one in this case, charge the company with such items, even though an independent contractor. They appear to have been legitimate expenses incurred in carrying on the work, and, though not mentioned in the contract, may have been considered by the company and Tufts as just portions of the claim against the company for erecting the building. The mere fact that they were charged for by Tufts and paid by the company would not be sufficient to show Tufts to have been an agent or employé of the company in erecting the building. We do not think any or all of the matters mentioned would be sufficient to make Tufts the agent or servant of the Coca-Cola Company in the erection of the building. It has been frequently held that the mere retention of the right of supervision of the work in person or by architect for the purpose of seeing that it is done in accordance with the contract is not sufficient to destroy the relation of independent contractor. Smith v. Humphreyville, 47 Tex. Civ. App. 140, 104 S. W. 496; Mason & Hoge

v. Highland, 116 S. W. 322 (1909); Kelly v. Mayor, 11 N. Y. 432. Also that the manner of payment is not conclusive. 16 Am. & Eng. Ency. of Law, 180; 1 Shearman & Redfield on Negligence, § 165. It has even been held that the fact that no price is fixed and no specifications are made as to the work to be done does not of itself create the relation of master and servant between the parties. Id. In this case Tufts, under the contract, was to deliver a completed work, was to furnish and did furnish his own assistants, was not subject to the direction of the company as to the details of the work, nor does the evidence show that the company ever sought to direct the work, or control or select his assistants.

The facts relied upon by appellant are of only slight probative force, if any, on the question at issue, and are not inconsistent with the theory that Tufts was an independent contractor, and we are of the opinion that the evidence taken as a whole so conclusively established the relation of independent contractor on the part of Tufts, that a verdict could not have been sustained for the plaintiff, and that, therefore, the court did not err in instructing the jury to find for the defendant. Simonton v. Perry, 62 S. W. 1090; City of Groesbeck v. Pinson, 21 Tex. Civ. App. 47, 50 S. W. 620; Southwestern Tel. Co. v. Paris, 39 Tex. Civ. App. 424, 87 S. W. 724; Cunningham v. Railway Co., 51 Tex. 510, 32 Am. Rep. 632; Beaumont, S L. & W. Ry. Co. v. Manning, 146 S. W. 227. See 65 L. R. A. 462.

The assignments of error are therefore overruled, and the judgment affirmed.