[File No. 6465.]

# CHARLES W. JANNECK, Respondent, v. WORKMEN'S COMPENSATION BUREAU, Appellant.

(272 N. W. 188.)

Opinion filed March 18, 1937.

*P. O. Sathre,* Attorney General, and *Milton K. Higgins,* Assistant Attorney General, for appellant.

*E. M. Stern,* for respondent.

Morris, J. This is an appeal from a judgment of the district court reversing and setting aside an order of the North Dakota Workmen's Compensation Bureau and adjudging that certain injuries to the plaintiff were sustained by him in the course of his employment as an employee of the Weddell Motor Company, and that the plaintiff is entitled to compensation for such injuries and for certain expenses connected therewith as provided by the Workmen's Compensation Law of this state.

The bureau contends that the plaintiff was not an employee of the Weddell Motor Company at the time of his injury, but was an independent contractor, and that the Weddell Motor Company was not insured in the Workmen's Compensation Fund for the kind of work that the plaintiff was doing at the time of his injury.

The plaintiff and one Marvin Larson are both professional painters. In April 1935 Larson approached the plaintiff and advised him that "he had a big paint job coming up from Mr. Weddell" and wanted the plaintiff to look the job over and to see Mr. Weddell. They went to see Weddell and Larson introduced the plaintiff and said, "I have another painter for you." Weddell said, "That is O. K.," and then wanted to know what it would cost to paint. The painting under consideration consisted of work in a building then vacant but which the Weddell Motor Company was preparing to occupy as a place of business. It appears that prior to this conversation Weddell had contracted with Larson for certain work in a written memorandum to which Janneck was not a party. The work covered by the memorandum, while in the same building, was different from that involved in the conversation between Weddell and Janneck and which the witnesses refer to in their testimony as the second job. This job in the course

of which the injury occurred was arranged for at the time that conversation to which we have referred took place. According to Janneck's testimony, Weddell said, "Well, Janneck, what is it going to cost me to paint the front and a small office room upstairs and the big doors?" Janneck then figured up the job and in a day or so presented the figures to Weddell, who was satisfied. The price including material was $40.00. Both Janneck and Larson went to work about the 1st of May and later they arranged with Weddell for three other jobs of painting in the same building. It, therefore, appears that the first job for which the written memorandum was made was contracted for by Larson alone. The second job, upon which Janneck was injured, was contracted for by Janneck alone. The three later jobs were arranged for between Weddell, Janneck, and Larson. The workmen furnished their own equipment. The respective jobs were agreed upon before work was commenced for a lump sum which included labor and material. The material was charged to Weddell and the cost deducted from the contract prices. Janneck and Larson worked together on all of the jobs. On the first job Larson received all the pay for labor, which was applied upon the purchase price of a car. On the second job Janneck received all the pay for labor in cash. On the three last jobs the pay for labor was divided equally between the two workmen. It also seems that they did not complete one job before starting the next but pursued their work in the most convenient manner. During the progress of the work they also worked together on another job for other parties in a different building.

The plaintiff claims that he was an employee of the Weddell Motor Company and in support of his contention urges that even though he and Larson were paid lump sums under definite agreements for painting specified rooms or parts of the building and equipment, Weddell exercised supervision over the work as an employer. The bureau claims that the work was done under contract and that, although Weddell gave some directions and suggestions, these merely affected the result and not the manner in which the work was done. The only suggestion made by Weddell regarding the work included in the job upon which Janneck was injured was a direction that a coat of paint be first applied to the big front doors to prevent them from checking

or warping in event of rain. It was later, while applying the second coat to these doors, that the plaintiff fell from a scaffold and was injured. The record also shows that while work was being done on some of the other jobs Weddell gave some suggestions or directions. While the elevator shaft was being painted, he complained about some spots being missed and directed that grease be removed before paint was applied. At another time, when varnish remover was being used on the floors, he suggested the use of something cheaper and lye was substituted. He also directed the workmen to change the material being used in refinishing a counter so as to produce a mahogany instead of an oak finish, to match other office equipment.

One of the most important tests to be applied in determining whether a person who is doing work for another is an employee or an independent contractor is whether the person for whom the work is done has the right to control, not merely the result, but the manner in which the work is done, as well as the methods used. Lilly v. Haynes Co-op. Coal Min. Co. 50 N. D. 465, 196 N. W. 556; State ex rel. Woods v. Hughes Oil Co. 58 N. D. 581, 226 N. W. 586; Hillen v. Industrial Acci. Commission, 199 Cal. 577, 250 P. 570; Industrial Commission v. Bonfils, 78 Colo. 306, 241 P. 735; Kronick v. McLean County, 52 N. D. 852, 204 N. W. 839. It is important to note that the test depends not merely on whether control is attempted to be exercised, but whether under the contract the *right* to control exists. Tuttle v. Embury-Martin Lumber Co. 192 Mich. 385, 158 N. W. 875, Ann. Cas. 1918C, 664; Hillen v. Industrial Acci. Commission, 199 Cal. 577, 250 P. 570, supra.

At the time Janneck was injured he was working pursuant to a contract covering definite items of work for which he was to be paid a lump sum and over which the party for whom the work was being done retained no control as to the manner in which the work was to be done or method to be used. The fact that Weddell directed that a coat of paint be first applied to the doors to prevent injury from the weather is not such an act of supervision as to indicate that the contract was one of employment within the purview of the Workmen's Compensation Law.

Weddell was not a painter. The details and method of doing the work were left to the workmen. Such directions as were given were

entirely consistent with the status of Janneck as an independent contractor. One who has contracted for certain work is not compelled to stand idly by and see it done in such a manner that the result will not comply with the contract under penalty of absolving the workman from his contract and making him an employee. The case of Litts v. Risley Lumber Co. 224 N. Y. 321, 120 N. E. 730, 19 A.L.R. 1147, presents facts similar to those we are here considering in that the plaintiff contracted to paint smokestacks for a lump sum and furnish his own implements. The defendant furnished the paint and during the progress of the work told the plaintiff to do certain acts which were essential to the performance of the agreement, that is, to scrape off and paint well the rusty spots. The court held that these directions were not inconsistent with the plaintiff's status as an independent contractor.

In this case the workmen were not governed by definite hours prescribed by Weddell. They were doing a type of work entirely different from the regular business of the Weddell Motor Company but which was in keeping with the special and independent occupation which they had been pursuing for many years. Southwestern Teleg. & Teleph. Co. v. Paris, 39 Tex. Civ. App. 424, 87 S. W. 724. While these facts taken separately may not govern, they are entitled to important consideration in connection with the other elements in the case and tend to establish that the plaintiff was an independent contractor.

The plaintiff cites the case of Rick v. Noble, 196 Minn. 185, 264 N. W. 685, in which a workman was held to be an employee and not an independent contractor. Three judges dissent. While the facts are similar to ours, the question presented to the court in that case was different. The question there was whether there was evidence reasonably sufficient to sustain a finding by the referee and Industrial Commission that the workman was an employee, while in this case the matter is here for a trial de novo. Sess. Laws 1933, chap. 208. Had that case been tried de novo, it is possible that a different result would have been reached.

We hold that at the time the plaintiff was injured he was not an employee of the Weddell Motor Company and he is not entitled to

compensation from the Workmen's Compensation Fund. It is, therefore, unnecessary to consider any further questions that may have been presented.

Reversed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.