

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL,
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 26, 1977

The Honorable Barry Read
Executive Secretary
Texas State Board of Examiners
    of Psychologists
108 West 15th Street
Austin, Texas   78701

Opinion No. H- 930

Re:  Application of Psy-
chologists' Certification
and Licensing Act to persons
contracting to provide
psychological services to
school districts on a
consultation basis.

Dear Mr. Read:

You have requested our opinion regarding whether a
person who contracts to supply psychological services to a
school district on a consulting basis is exempt from the
licensing requirement of article 4512c, V.T.C.S.  That
statute requires a license of "any person who offers psy-
chological services as defined herein for compensation."
Sec. 21.  Section 22, however, provides that:

> Nothing in this Act shall be construed
> to apply to: (a) the activities, services
> and use of official title on the part of a
> person employed as a psychologist by any:
> . . . (2) public school district. . .
> provided such employee is performing those
> duties for which he is employed by such . . .
> district . . . .

You ask whether a psychological consultant to a school
district is an "employee" of the district and thus exempt
from the licensing requirement.

The answer to your question will depend on the facts of each particular contractual arrangement between a school district and a consulting psychologist. The terms of the contract will control the status of the individual as employee or independent contractor and the Board must make the ultimate determination in each instance. Newspapers, Inc. v. Love, 380 S.W.2d 582, 591 (Tex. Sup. 1964). We can, however, suggest a number of factors which the courts have considered in making such a determination. Although the following cases address the issue primarily in the context of liability and workmen's compensation claims, and thus should not be treated as dispositive of the Board's determination, we believe that they may be useful in focusing upon some of the elements which the Board may consider in reaching a decision in a particular case.

The most important element in determining whether a psychological consultant is an employee or an independent contractor is the school district's right to control the details of his work. A substantial degree of control by the school district would tend to imply that the psychologist is an employee. Halliburton v. Texas Indemnity Insurance Co., 213 S.W.2d 677, 680 (Tex. Sup. 1948); Truck Insurance Exchange v. Cartmill, 385 S.W.2d 277, 279 (Tex. Civ. App. -- Waco 1964, writ ref'd n.r.e.). The right of the school district to terminate the contract without regard to the final result of the work also suggests that the consultant occupies the status of an employee. Southern Surety Co. v. Shoemake, 16 S.W.2d 950, 953 (Tex. Civ. App. -- Austin 1929), rev'd on other grounds, 24 S.W.2d 7 (Tex. Comm'n App. 1930, judgmt adopted). The requirement of completion and acceptance of the work before payment is made is a circumstance tending to show the existence of an independent contractor relationship. Southwestern Telegraph & Telephone Co. v. Paris, 87 S.W. 724, 725 (Tex. Civ. App. 1905, no writ). The right of the school district to set the psychologist's hours of labor and to require him to work exclusively for the district are factors which tend to imply that the psychologist is an employee. Shannon v. Western Indemnity Co., 257 S.W. 522, 525 (Tex. Comm'n App. 1924, jdgmt adopted). Finally, if the consultant is carried on the school district's payroll and on its social security and income tax withholding records, it may be difficult to deny that he is an employee. Anchor Casualty Co. v. Hartsfield, 390 S.W.2d 469, 471 (Tex. Sup. 1965).

The foregoing list of factors are certainly not meant to be exhaustive, and any number of other considerations might be determinative of the legal status of the relationship between the parties. We emphasize again that the specific terms of each particular contract will control the result.

### S U M M A R Y

Whether a person who contracts to supply psychological services to a school district on a consulting basis is an employee of the district and thus exempt from the licensing requirement of article 4512c, V.T.C.S., depends upon the terms of each particular contractual arrangement.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb

p. 3889