# PETER KRONICK, Appellant, v. McLEAN COUNTY IN THE STATE OF NORTH DAKOTA, Respondent.

### (204 N. W. 839.)

**Master and servant — relation of employer and employee must exist to hold non-complying employer to liability under Workmen's Compensation Act.**

1. The defendant county had contracted with an individual for certain work to be done upon the courthouse, the compensation to be at a stated rate per hour. The person with whom the contract was made employed the plaintiff and others. The plaintiff was injured while doing work embraced within the contract between the county and such third person. This action is brought against the county under the Workmen's Compensation Law, chapter 162 of the Laws of 1919. It is *held:*

The relation of employer and employee must exist in order to hold a non-complying employer to liability under the Workmen's Compensation Act.

**Master and servant — relation of employer and employee did not exist between defendant county and plaintiff in instant case.**

2. It is *held,* for reasons stated in the opinion, that the relation of employer and employee did not exist between the defendant county and the plaintiff in the instant case.

Opinion filed June 16, 1925.

Workmen's Compensation Acts, C. J. § 38 p. 47 n. 34; § 41 p. 50 n. 60.

Appeal from the District Court of McLean County, *Coffey,* J. Affirmed.

*W. L. Smith,* for appellant.

A contract is an agreement which creates an obligation. 13 C. J. 237.

An implied contract is one where the agreement of the parties is inferred from the circumstances. 13 C. J. 241.

A contract is implied when the agreement is matter of inference and deduction. Gillan v. O'Leary, 124 App. Div. 501, 108 N. Y. Supp. 1924.

Note.—(1) Relation between employer and employees of independent contractor, see annotation in L.R.A.1916A, 118, 247; L.R.A.1917D, 148; L.R.A.1918F, 206; 15 A.L.R. 742; 28 R. C. L. 763.

Whenever it is certain one ought to do a particular thing . . . the law presumes he promised that thing. Moore v. Renick, 95 Mo. 207, 68 S. W. 936.

Where the conduct (of the parties) is such . . . as to induce the belief they intended to do that which their acts indicate they have done, it will be implied that they have done that thing. Cuneo v. De Cuneo, 24 Tex. Civ. App. 436, 59 S. W. 284.

Where a stranger to a contract enters into relations with one of the parties which are consistent only with an adoption of such contract and acts so as to make the other party believe that he has made the contract his own, he will not be permitted to repudiate it. 13 C. J. 243.

Wiggins Co. v. Ohio etc. 142 U. S. 396, 35 L. ed. 1055, 12 Sup. Ct. Rep. 188; Swift v. Detroit Salt Co. 147 C. C. A. 237, 233 Fed. 231; Faenzer v. Chicago, etc. R. Co. 95 C. C. A. 436, 170 Fed. 240.

Agency is determined from the facts and circumstances tending to prove it. 21 R. C. L. 820, ¶ 6; Lake Gro. Co. v. Chiostri, 34 N. D. 386, 158 N. W. 988.

Where an agent (servant) without authority appoints a substitute the principal may, by words or acts, so confirm and ratify such substitution as to give it the same force or effect as if it had been originally authorized. Parsons, Contr. 5th ed. 84.

A workman subject to discharge at any time is a servant of the one having that authority. State v. Dist. Ct. 128 Minn. 43, 150 N. W. 211.

An employee of an independent contractor is a servant of the contractee when it is shown that he was working on premises under the control and management of such contractee. Comerford's Case, 229 Mass. 573, 118 N. E. 900.

If the right of control is in the employer, it is immaterial whether he actually exercised it. Knicely v. W. Va. R. Co. 64 W. Va. 278, 17 L.R.A.(N.S.) 370, 61 S. E. 811.

The purpose of compensation acts is to place upon the products of servant labor the burden of the personal injuries incident thereto; to place upon the industry, instead of the employee, the hazards thereof; and their provisions should be liberally construed to effect that

end.   Mulich v. Brocker, 119 Mo. App. 332; Western Indemnity Co. v. Pillsbury, 170 Cal. 686.

If the employment is in the usual course of the business of the employer the Workmen's Compensation Act applies.   State v. Dist. Court (Minn.) 155 N. W. 103; 28 R. C. L. 766.

The courts hold that taxpayers are disqualified, by interest, as jurors in actions against a county or city even where there is no statutory provision disqualifying jurors when interested in the event of the action.   Cason v. Ottumwa, 102 Iowa, 102, 71 N. W. 193; Kendall v. City, 73 Iowa, 241, 34 N. W. 833; Goshen v. English, 119 Ind. 368; Albion v. Hetrich, 90 Ind. 549; Hearn v. Greensburgh, 51 Ind. 119.

*George P. Gibson,* State's Attorney, and *Hyland & Foster,* for respondent.

In order to be a servant, the right to control the conduct of said servant implies the power to discharge him for the services or employment for disobedience has been regarded as the test by which they determine whether the relationship of master and servant exists.   Mountain v. Fargo, 26 N. D. 432; Minneapolis Iron Store Co. v. Brannon (N. D.) 162 N. W. 543.

The relation of employer and employee is purely contractual and there is no evidence of any such relationship in this case.   Arterburn v. Redwood County (Minn.) 191 N. W. 924.

An employment is casual when it comes without regularity and is occasional and incidental.   Blood v. State Industrial Asso. 30 Cal. 274, 157 Pac. 1140.

The word "business", as used in Workmen's Compensation Act, providing that the provisions of the act shall not apply to "persons whose employment at the time of the injury is but casual, and not in the usual course of the trade, business, profession or occupation of the employer," has the same general significance with respect to the work or calling of the employer as the words "trade, profession, or occupation," and refers to the employer's ordinary vocation, and not to every occasional, incidental, or insignificant work he may have to do. State ex rel. Lennon v. District Ct. (Minn.) 164 N. W. 366.

BIRDZELL, J.   This action was brought against the defendant, the

county of McLean, as an employer under chapter 162 of the Laws of 1919, the Workmen's Compensation Act. The plaintiff complains on account of injuries received by falling from the roof of the courthouse while painting or staining shingles and predicates the liability of the county upon its failure to comply with the law by contributing to the Workmen's Compensation Fund. At the conclusion of the testimony offered for the plaintiff, the trial court granted the defendant's motion to dismiss the action. The appeal is from the judgment.

In June, 1923, the defendant county entered into a written contract with one Aune under which the latter undertook to "perform the duties of repairing" the courthouse and the county jail. The contract enumerated the particulars in which he was to repair the building and the compensation that he was to receive as follows:

"This Agreement, Made this 5th day of June 1923 by and between county of McLean and Ole B. Aune of Wilton, N. D., Party of the Second Part.

Witnesseth, That the party of the second part hereby agrees to and with the party of the first part, for the consideration hereinafter named to well and faithfully perform the duties of repairing as hereinafter enumerated, in a workmanlike manner and according to the usual course of repair, and to use due care and prudence in protecting property and persons while so engaged, on the property of the party of the First part situated on Block Eight of the Riverview Addition to the city of Washburn, McLean county, North Dakota, known as the courthouse building and the county jail building.

And the said party of the second part further agrees to perform the following duties to-wit:

1. Painting and staining; and repair; repair and stain all shingles on the buildings named above; replace all broken and rotten shingles; securely nail all loose or warped shingles. Repair and paint all cornices on the buildings named above, replacing parts necessary. Paint and repair all windows, replacing broken panes and nailing loose casings and frames. Also to clean all windows on the outside.

2. To act under the general supervision of the county commissioners and the county auditor and to perform additional repair work as either of these parties see fit.

3. The said party of the second part further agrees to perform the above service at the rate of $.75 per hour.

4. The said party of the first part agrees to make payment in full on completion of the work as named above.

In Testimony Whereof, Both parties have hereunto set their hands and seals the day and year hereinbefore written."

To do the work stipulated for, Aune hired seven men, including the plaintiff, each of them to receive sixty-five cents per hour. Directions for doing the work upon the courthouse were given to Aune by the county auditor. On one or two occasions the plaintiff overheard the county auditor giving Aune directions, but any directions given to the plaintiff came from Aune.

The pivotal question in the case is whether or not the plaintiff was an employee of the county within the Workmen's Compensation Act. It seems to us to be clear that the relationship of employer and employee never came into existence between the defendant and the plaintiff. From the terms of the contract existing between Aune and the county, we think it is apparent that the county looked to Aune alone for the proper doing of the work and that it left him free to do the entire work himself or to employ others to assist him. The option was with Aune and not the county. If he hired persons to assist in the work that he had agreed to do, they would clearly be his employees and not the county's. While the work was to be done under the supervision of the county commissioners and the county auditor, this does not mean that they were to direct the various persons employed by Aune. It does not mean that these officials had reserved a right to control the details of the work, but, rather, that they had a right to supervise and inspect to the end that the job be done in a workmanlike manner. It was Aune's job. If the contract were in the least ambiguous in defining the relation between Aune and the county, the record makes it clear that the county relied upon Aune alone and that it reserved no right of control over the men that might be hired by him.

Under the Workmen's Compensation Act the relation of employer and employee must exist in order to make its provisions applicable. In § 2 thereof "*employee*" is defined as meaning "every person engaged in a hazardous employment under any appointment, or contract

of hire, or apprenticeship express or implied, oral or written," and the liability sought to be enforced in this action is the liability of an *employer* who has failed to comply with §§ 6 and 7. The act declares such non-complying *employers* to be "liable to *their employees* for damages suffered by reason of injuries sustained in the course of employment." (§ 11.) It prescribes no special or peculiar test for determining when the relationship shall be held to exist. Consequently, it must be determined as in other cases. Indeed, § 2 of the Act seems to base the relationship upon contract. There was no contractual relationship between the plaintiff and the defendant. This is a clearer case than Arterburn v. Redwood County, 154 Minn. 338, 191 N. W. 924, in which the Minnesota Supreme Court held that the defendant was not liable. Our statute contains no provision similar to that applied in the case of Comerford's Case, 229 Mass. 573, 118 N. E. 900, relied upon by the appellant. The statute before the court in that case gave protection to employees of independent contractors in certain cases.

Since the remaining questions raised on the appeal cannot affect the result, being only material in the event of a new trial, they need not be considered.

Judgment affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.