APPLICATION OF MILWAUKEE CHAPTER, IZAAK WALTON
LEAGUE OF AMERICA.

*November 11—December 6, 1927.*

*Quo warranto: Not available to remove employees of state: State
conservation director not public officer.*

The state conservation director, who is not appointed or elected, but "employed" by the conservation commission for an indefinite term at a salary fixed by it, under sub. (6), sec. (2), ch. 426, Laws of 1927, and who is not subject to the civil service provisions of secs. 16.01 to 16.76, Stats., nor required to take the oath prescribed by sec. 28, art. IV, Const., to give bond, or to be a citizen of the state, is not a public officer, and *quo warranto* does not lie to remove him.

APPLICATION by the *Milwaukee Chapter of the Izaak
Walton League of America,* a Wisconsin corporation, and

others for leave to bring an original action in this court in the nature of *quo warranto* against *Louis B. Nagler*. The affidavit of S. A. Barrett, one of the relators, alleges that in the year 1927 the Wisconsin legislature enacted a new conservation act for the state known as chapter 426 of the Laws of 1927. That by sec. 2 (6) of said act it is provided:

"The commission shall employ a conservation director who shall continue in office at the pleasure of the commission, and whose salary shall be fixed by the commission, but not to exceed $6,500 per year. Said director shall be a person having executive ability and experience, special training and skill in conservation work, and shall not be subject to the provisions of chapter 16 of the statutes. He shall be administrative head of the state conservation department, shall be responsible to the commission for the execution of its policies, shall employ, by and with the advice of the commission, such technical and administrative assistance as may be necessary for the execution of such policies, and shall exercise the powers of the commission in the interim of its meetings but subordinate thereto, but shall not have authority to make rules and regulations."

It then alleges the appointment of such commission by the governor of the state and that on or about the 1st day of October, 1927, the said conservation commission appointed *Louis B. Nagler* as director of conservation. It further alleges that said *Louis B. Nagler* "Has never had any experience or special training and does not possess any skill in conservation work, and is not eligible to selection as director of conservation under chapter 426 of the Laws of 1927, and does not belong to that class of persons from whom said conservation director may be chosen." It further alleges that *Mr. Nagler* has entered upon his duties as conservation director and still remains in the discharge of such duties.

The purposes of the conservation act as defined therein are as follows:

"Section 2. A new section is added to the statutes to be numbered and to read: 23.09 (1) The purpose of this section

is to provide an adequate and flexible system for the protection, development and use of forests, fish and game, lakes, streams, plant life, flowers and other outdoor resources in the state of Wisconsin."

For the relator there was a brief by *Quarles, Spence & Quarles* of Milwaukee and *Wm. J. P. Aberg* of Madison, and oral argument by *Joseph V. Quarles.*

For the respondent there was a brief by *Olin & Butler,* and oral argument by *H. H. Thomas,* all of Madison.

VINJE, C. J.   Counsel for relator contend that the conservation director is a public officer and therefore subject to removal in an action of *quo warranto,* and they cite the cases of *Hall v. State,* 39 Wis. 79; *In re Appointment of Revisor,* 141 Wis. 592, 124 N. W. 670; and *State ex rel. Gubbins v. Anson,* 132 Wis. 461, 112 N. W. 475, in support of their contention.   In these cases language may be found which tends to support it, but in none of them was the question directly at issue as to what constituted a public officer.   The statutes under which they were appointed and the powers and duties imposed upon them were so different that we think no useful purpose could be served by analyzing them and comparing them with the statute under which the respondent in this case was appointed.

Respondent claims that the application should be denied because he is not a public officer and *quo warranto* does not lie.   The contention is well taken for the following reasons: He is *employed* by the commission, not *appointed* or *elected.* *State ex rel. Pleasant v. Ottowa,* 84 Kan. 100, 113 Pac. 391. No definite term of holding the employment is fixed.   His salary may be anything the commission fixes not exceeding $6,500.   His powers are in all things subordinate to those of the commission, and he must carry out its policies.   He cannot even make rules, but must adopt those of the commission.   Public officers must take an oath as prescribed by sec. 28, art. IV, of the constitution unless exempted there-

from. No exemption appears in the act and no requirement to take an oath. He is not required to give a bond. He is not required to be a citizen of the state, as he must be if a public officer. The reasons for holding that he is not a public officer are stronger in this case than in the case of *Sieb v. Racine,* 176 Wis. 617, 187 N. W. 989, because more technical knowledge and ability is required of the director of conservation than of a superintendent of schools, and if he was required to be a public officer then he must of necessity be a citizen of this state, and the conservation commission would be limited to citizens of Wisconsin only in selecting the conservation director. We have fewer persons within the state versed in conservation work than we have in school work. Therefore, unless it clearly appears that the legislature intended that only citizens of the state should be employed, it must be held that the conservation commission can select its director from any state of the Union in order to secure the best services. By providing exemption of the conservation director from the provisions of ch. 16, Stats., the legislature evidently construed the position as an employment and thought it necessary to create the exemption— public officers are not subject to ch. 16. These objections are all summarized from respondent's brief and we do not deem it necessary to add to them. Nor do we deem it necessary to discuss or analyze the few cases cited to us from our own and other states, as the solution of the question before us is dependent upon a construction of the legislative act under which *Nagler* was employed. It is true the act says that he "shall continue in office" at the pleasure of the commission. This would seem to indicate that he is a public officer, but one or two words in an act cannot control its meaning or effect if it is apparent that the words chosen are not the proper ones. Thus the word "employ" used in this act instead of the word "appoint" is not conclusive by any means of the fact that he is in the employment of the state and not an officer thereof. The act must be interpreted as a

whole and not by taking single words here and there to determine its true meaning.　In the present case the legislative intent to put the conservation director under the control and subject to the direction of the conservation commission as an employee, doing expert work, is so clear and obvious that single words cannot operate to change or modify that intent as expressed by the whole act.

*By the Court.*—Application denied, with costs.