## UNITED STATES v. WEIL.

### No. 13518.

District Court, E. D. Arkansas, W. D.

Aug. 14, 1942.

Leon B. Catlett, Asst. U. S. Atty., of Little Rock, Ark. (Sam Rorex, U. S. Atty., of Little Rock, Ark., on the brief), for plaintiff.

A. F. House (of Rose, Loughborough, Dobyns & House), of Little Rock, Ark., for defendant.

TRIMBLE, District Judge.

The defendant Eugene Weil is now incarcerated in the U. S. Penitentiary at Leavenworth, Kansas, under a judgment and sentence of this court, upon a plea of guilty to an indictment for violation of Section 588b of Title 12, U.S.Code, 12 U.S.C.A. § 588b. Upon motion of the defendant an order to vacate the judgment and sentence was entered on the 9th day of February, 1942.

The facts involved in the matter are as follows:

On February 18, 1941, an indictment was returned by the grand jury of this district, charging that on or about June 29, 1940, and on or about October 14, 1940, at the City of Little Rock, Arkansas, the defendant violated the provisions of Section 588b of Title 12, U.S.Code, 12 U.S.C.A. § 588b, by knowingly, wilfully and feloniously entering a national bank with the unlawful and felonious intent to commit a felony in said bank by violating Section 3092 of Pope's Digest of the Statutes of Arkansas of 1937, which section made it a felony to forge a promissory note for the payment of money.

On April 7, 1941, the defendant was brought before the court and entered a plea of guilty to the charges in the indictment and was sentenced by this court to a term of two years in the U. S. Penitentiary. Subsequently thereto, and after the expiration of the term of the court at which the judgment was entered, the defendant filed a motion to vacate the judgment and sentence against him upon the grounds that this court had no jurisdiction to enter judgment and sentence against him, inasmuch as the allegations of the indictment did not state an offense against the laws of

the United States, and that Congress in enacting that statute did not intend to and did not include therein "felonies under the state law."

This motion was filed with the court, was submitted to the United States Attorney's office, and that office appeared and advised the court that the government had no contention to make and did not resist the granting of the motion. At that time defendant was without counsel and none was appointed by the Court. The Court of its own motion considered the grounds of the motion and the law, and entered an order on February 9, 1942, that the prayer of the motion be granted, the judgment vacated, the case be dismissed for want of jurisdiction, and the defendant Eugene Weil be released from the penitentiary and further custody. No question was raised at that time by the government of the want of jurisdiction to enter the order, either by reason of the lapse of the term at which the judgment was entered or otherwise.

Thereafter on June 4, 1942, the government, by its attorney, filed a motion to vacate the order of February 9, 1942, which vacated the judgment, and for its ground stated:

"Movant states that the order of the Court made and entered on February 9, 1942, is of no effect and void, for the reason that the said Court was without jurisdiction to enter such order. Movant further states that the order of the Court entered herein on February 9, 1942, should be rescinded as being contrary to the law in (the) view of the decision of the Circuit Court of Appeals of the United States for the Tenth Circuit rendered November 12, 1941, in the case of Hudspeth v. Melville [10 Cir., 127 F.2d 373], and the opinion of the same court rendered May 5, 1942 in the case of Hudspeth v. Tornello [10 Cir., 128 F.2d 172]." The prayer of the motion was for the rescision, vacation and setting aside of the order of February 9, 1942.

The defendant Weil, being in prison under sentence of this Court, and the government refusing to obey the order of the Court and release him, and the defendant having filed a pauper's oath the court appointed Mr. A. F. House, an able attorney of Little Rock, Arkansas, to represent him in this matter. Counsel for the government and counsel for the defendant have filed able briefs and the matter is now before the court upon the questions of law, all matters of fact being admitted for the purpose of this motion and by defendant's plea of guilty.

Certain propositions of law have been stated by counsel for the government, and admitted by counsel for defendant, hence need no decision in this case. It is admitted that the cardinal rule of construction of legislative acts is to determine the intent of an act from its text, tenor, spirit and occasion and necessity for the law; that the gist of the offense charged is the "entering" with an intent to commit a felony, the actual commission of the felony not being a part of the offense charged, and only persuasive in considering the question of intent; that if two constructions of a statute are permissible the court should adopt that construction which gives the statute constitutionality; i. e., if a statute can reasonably be held constitutional, it should be so held; that Congress can adopt by reference the state laws.

There are two issues of law for consideration:

(a) What meaning is to be given to the words "any felony."

(b) Has the government the right at this time to attack the order of February 9, 1942, the term at which it was entered having lapsed and no appeal having been taken.

The government relies very largely upon the holding of the Circuit Court of Appeals for the Tenth Circuit in the case of Hudspeth v. Melville, 127 F.2d 373, and Hudspeth v. Tornello, 10 Cir., 128 F.2d 172, decided by the same court on May 5, 1942. If the opinion in the Melville case (the Tornello case being decided upon the authority of the Melville case) is not clearly erroneous it would be the duty of this court to follow it, and it should be given every consideration in the absence of a holding by the Circuit Court of Appeals for the Eighth Circuit or the Supreme Court of the United States, and to say the least is persuasive. But the persuasiveness of that opinion is very much weakened by the fact that it was rendered by a divided court, one of the three judges participating having dissented and written a dissenting opinion.

The word "any" is all comprehensive, and "any felony" standing alone would include any felony under any law of any state, whether the state in which the

bank is situated or not. While such a construction would be absurd, yet it would be but an example of the absurdity of giving too wide a scope to the meaning of the words "any .felony." The word "any" was up for construction in 6 Q.B.D. 607, and there it was held that the word "any" while all inclusive was restricted or limited by the context of the statute. This has been held in a number of cases. I am of the opinion that the words "any felony" in the statute under consideration are limited by the whole context of this section to "any felony or larceny *as hereinbefore described.*". The italicized words being added by the court, explain, in my opinion, the real meaning of the words "any felony."

After a careful study I have come to the conclusion that the dissenting opinion in Hudspeth v. Melville, supra, announces the law correctly, and that dissenting opinion is adopted and made the opinion of the court in this case so far as applicable.

■ As heretofore stated counsel for the government contends that the Court was without jurisdiction to enter its order of February 9, 1942, which vacated the judgment, for the reason the term had lapsed, and cite cases in support of this contention. But these cases do not apply in a situation where the judgment is void on its face and an inspection of the record discloses clearly that the court was without jurisdiction to enter the judgment. The old inflexible rules of the common law should not and cannot be adhered to where human rights and liberties are endangered, especially rights and liberties guaranteed by the Constitution of the United States. Furthermore the defendant in this case was a pauper, he was in prison, and it is incumbent upon the courts to use any extraordinary remedies at their command to see that his rights and liberties are protected. This point raised on behalf of the government, under the circumstances in this case, is not well taken.

■ Counsel for the defendant urges upon the court in his behalf the proposition that after the entry of the order of February 9, 1942, which order vacated the judgment, the term at which it was entered lapsed before the government filed its motion to vacate the order, and, therefore, the court is without jurisdiction to consider the motion. At first reading it would appear, to use a homely old expression, that counsel for defendant is trying "to run with the fox and sleep with the hounds,"

but this is not so. No contention is made on behalf of the government of lack of notice of entry or lack of opportunity to appeal from the order of February 9, 1942. Nor do·they bring to the Court's attention matters of fact or law of an extenuating nature excusing the failure to take an appeal from this order. Certainly the government does not stand in the same situation on this question of setting aside the order of February 9, 1942, as the defendant did on his motion to vacate the judgment. There was nothing to prevent the government taking an appeal, or to excuse the failure to do so. Nor does it appear on the face of the record that the court was without jurisdiction to enter and was in error in entering the order to vacate the judgment. The term having lapsed, no appeal having been taken, the Court has lost jurisdiction to set aside the order of February 9, 1942, vacating the judgment and sentence against the defendant.

Therefore, the motion of the government to set aside, rescind, and vacate the order of February 9, 1942, is overruled.