[File No. 6880]

ESTHER GROFF, Appellant, v. STATE OF NORTH DAKOTA, Doing Business as Workmen's Compensation Bureau, Respondent.

(9 NW(2d) 406)

Opinion filed May 10, 1943.

*Lee F. Brooks,* for appellant.

*Alvin C. Strutz,* Attorney General, and *P. B. Garberg,* Assistant Attorney General, for respondent.

BURR, J. This decision is rendered after a petition for rehearing on a former decision was filed. On June 29, 1940, plaintiff was injured while driving a car from Minot to Fargo. She claims she was then an employee of the North Dakota Wool Marketing Association, driving one of its automobiles on its business. She filed a claim for compensation with the defendant bureau. The claim was refused on the ground it was not filed in time, and plaintiff appealed to the district court.

The trial court found: The claim had been dismissed by the bureau because it was not filed within the statutory period of sixty days, that reasonable cause was shown on the trial for not filing it within sixty days after the accident; but that the plaintiff was not an employee of the association at the time of the injury. Judgment dismissing the action on its merits and with prejudice was entered. Plaintiff appeals, demanding a trial de novo.

Under the claims of the parties, there were two issues on the appeal. In her brief, plaintiff states the issues are: Was the plaintiff an employee of the association on June 29, 1940; and was she injured in the course of her employment? The defendant claims, in addition, that the issue of whether the claim was filed in time is also before the court.

It is admitted the claim was not filed within sixty days after the injury. Section 396a15, Supp, provides, among other things: "All original claims for compensation for disability, or death, shall be made within sixty days after injury or death. For any reasonable cause shown, the bureau may allow original claims for compensation for disability or death to be made at any time within one year."

The trial court found plaintiff was not an employee of the association. We arrive at the same conclusion. Presumably, the record shows all

the evidence there is to substantiate the claim of the plaintiff that she was an employee of the association at the time of the accident and on this record the bureau would have been justified in rejecting the claim, even if it had permitted it to be filed after the sixty days.

" 'Employee' means every person engaged in a hazardous employment under any appointment or contract of hire . . . express or implied, oral or written, . . . but excluding any person whose employment is both casual and not in the course of the . . . business . . . of his employer." Paragraph 3, § 396a2, Supp, as amended by chap 286 of the Session Laws of 1935. This section, in ¶ 2, defines "hazardous employment" as "any employment in which one or more employees are regularly employed in the same business or in or about the same establishment. . . ," excluding certain employments of no interest here. The association was conducting a hazardous employment.

Before plaintiff may qualify as an "employee" under the definition given, she must show an appointment or contract of hire by the alleged employer even if she did render service for the association. She would not be an employee if the work she did was "both casual and not in the course of the business of the association."

If she rendered any service it clearly was casual. She admits she never did any work whatever for the association at any time before the accident and there is nothing to indicate she did any work subsequent to the accident. Her sole connection with the association is such as grew out of driving the car the association furnished her husband for use in the promotion of his work for the association. Mr. Bjerken was the manager of the association, so far as Mr. Groff was concerned, and Mrs. Bjerken had charge of the office. What her duties were we do not know.

Mr. Groff was ill in the hospital at Minot. The plaintiff learned of it and came to Fargo from Detroit Lakes where she was spending the summer. Upon her arrival at Fargo she and Mrs. Bjerken had some conversation regarding Mr. Groff. Evidently the plaintiff told Mrs. Bjerken she was going to Minot to see her husband. She went by train and Mrs. Bjerken told her that her son Woodrow, a youth who was a summer employee of the association, "would come up when Mr. Groff was discharged (from the hospital) to drive it back."

There was no contract express or implied with, or any appointment of

Mrs. Groff by either Mr. Bjerken or Mrs. Bjerken, even if Mrs. Bjerken had any authority to make an appointment. Neither is there anything to indicate that Mr. Bjerken knew of the statement made by his wife about Woodrow going to Minot, or that Mr. Groff was ill, or had the car in Minot, or ever knew of the conversation between the ladies.

On Mrs. Groff's arrival in Minot she told her husband of the statement made by Mrs. Bjerken regarding Woodrow. Mr. Groff testified he told her it was not necessary to incur the expense of Woodrow going to Minot, plaintiff was there and he knew her to be a good driver, she could drive the car home, and he had her send a telegram to Mr. Bjerken stating "Esther will drive coupe home, Woodrow unnecessary, condition improved."

It was stipulated this telegram was sent the evening of June 25th and was received by Mr. Bjerken the same night.

Mr. Groff testified he said he would pay her expenses if she would come with him and do the driving. She was going back to Fargo anyhow. She was not on the association business in going to Minot and she had spent $4.80 for her ticket. She had also spent a day or two in the hotel at Minot and it cost her some more for living expenses. Plaintiff testifies that her husband never said anything to her about salary. She claims her husband told her he would pay all of these expenses, and the expenses of the trip, and he did pay them out of the proceeds of a draft which he had drawn upon the association. He would be paying these anyway. It was an opportunity for her to get home free of expense. She was a passenger with him and while with him in the car she drove.

On the morning of the 28th Mr. and Mrs. Groff started from Minot en route to Fargo. They stopped at Bismarck that night, and the forenoon of the next day the accident took place at some point between Bismarck and Jamestown.

Subsequent to the accident Mr. Groff filed with the association his bill for all his expenses and later the bill was allowed.

It is clear from the evidence that neither Mr. Groff nor Mrs. Groff ever considered the plaintiff was an employee of the association until months after the accident. She had been worried about financial burdens occasioned by the accident to her, but her husband told her the

association would take care of it. He says he did this because he assumed the association had an insurance policy on the car which would cover the result of any accident to anyone in the car. He told her that the association carried insurance, that Mr. Bjerken was "insurance-minded." He said when he told her this he had no thought regarding the bureau so far as she was concerned; though it was clear he thought about it for himself for he filed a claim for his own injuries arising out of the same accident and this was done very promptly—in fact, he received his first monthly check for injuries sometime toward the later part of July. There was some attempt to show he did not file this claim himself, that someone made out the claim for him; but when shown the papers he admitted he signed them. When shown the signature the plaintiff admitted that it was her husband's signature. The evidence does not show who filed the claim for him, but he knew that he was getting compensation as an employee. He never thought of her as an employee. The slender thread by which this suit is suspended is the fact of the telegram and that nothing more was said about sending Woodrow. Neither Mr. nor Mrs. Bjerken testified.

Some testimony was given as to the authority of Mr. Groff to hire help. Nothing is said of any right he had to hire drivers for himself. Nothing is shown regarding his right to invite passengers or volunteers to ride in the car, with him, nor to authorize such to drive the car. ..

We are satisfied the evidence shows clearly the plaintiff was not an employee of the association at the time of the accident. This being so, she was not entitled to compensation.

In view of this determination, it is not necessary for us to decide the issue raised by the defendant to the effect that the record made at the time plaintiff applied to the bureau for leave to file her claim after the expiration of the sixty-day period, was not before the court, and therefore there was nothing from which the trial court could determine whether the bureau abused its discretion in refusing to permit the claim to be filed. A determination on this point would be of no avail to either party. The trial court received and passed upon all testimony offered on this point, and found against defendant. Whether the court erred in so doing is immaterial. But this finding against defendant is of no

value to plaintiff. The court heard her case on its merits, found against her, and we arrive at the same conclusion. The judgment is affirmed.

MORRIS, Ch. J., and NUESSLE, J., concur.

CHRISTIANSON and BURKE, JJ., concur in the result only.