[File No. 7288]

THE STATE OF NORTH DAKOTA FOR THE BENEFIT OF THE WORKMEN'S COMPENSATION FUND OF NORTH DAKOTA, and ELLSWORTH LA DUKE (The Injured Workman), Respondents, v. E. W. WYLIE COMPANY, A Foreign Corporation, Appellant.

(58 NW2d 76)

472

Opinion filed March 19, 1953

*Sullivan, Kelsch & Scanlon,* for appellant.

474

*J. K. Murray* and *Paul Sand,* Assistant Attorney General, for respondents.

GRIMSON, J. This is a suit for damages brought by the State of North Dakota for the benefit of the Workmen's Compensation Fund of North Dakota and Ellsworth La Duke against the E. W. Wylie Company, a foreign corporation, and Rolly Hull under Sec 65–0109 of the workmen's compensation act, as amended by Chap 355 SL 1949, which provides:

"When an injury or death for which compensation is payable under the provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents may claim compensation under this title and obtain damages from and proceed at law to recover damages against such other person. . . ."

The statute then provides that the recovery in such suit, if any, goes first to the workmen's compensation fund to reimburse this fund for the compensation paid and only the balance, if any, to the injured employee.

The plaintiff alleges in its complaint that the defendant E. W. Wylie Company is a foreign corporation doing a motor vehicle transportation business in this state; that the defendant Rolly Hull was an employee of the E. W. Wylie Company, driving one of its trucks westward along Highway No. 10 in North Dakota on March 26, 1949; that one Ellsworth La Duke was an employee of the Consolidated Freightways, Inc., driving one of its trucks eastward at said time and place; that because of the carelessness and negligence of said Rolly Hull a collision occurred between the two trucks, causing serious injuries to said Ellsworth La Duke, on account of which he sustained damages in the sum of $2,999.00; that the Consolidated Freightways, Inc., and Ellsworth La Duke were subject to the workmen's compensation law; that said La Duke filed a claim under said law with the workmen's compensation bureau which made him a partial allowance for medical and hospital expenses in the sum of $208.87; that no allowance was made for his damages.

The defendant E. W. Wylie Company answers making general denial, admitting the collision, specifically denying negligence and setting up contributory negligence by Ellsworth La Duke. Before the case was called for trial the defendant served an amended answer adding to its original answer Paragraph 8, setting forth as a complete defense to the plaintiff's cause of action that the defendant, E. W. Wylie Company, had made application to come within the workmen's compensation act, reported all of its employees as required, paid all premiums assessed and complied in every respect with the workmen's compensation act of the State of North Dakota, and by reason thereof had brought itself within and under the provisions of the workmen's compensation laws and was lawfully entitled to all the protection afforded by the workmen's compensation act of North Dakota at the time said Ellsworth La Duke was injured as alleged in the complaint. These facts defendant claims relieved him of liability for the injuries to Ellsworth La Duke, the employee of the Consolidated Freightways, Inc., which was likewise insured under the workmen's compensation act. No service was made on Rolly Hull.

At the commencement of the trial plaintiff moved to strike out Paragraph 8 from the amended answer on the grounds that it was immaterial and that the defendant, in spite of the allegations therein, was a third party under Sec 65–0109 NDRC 1943, as amended by Chapter 355 SL 1949, p 505. The motion was granted. During the trial an offer of proof was made to prove the allegations of Paragraph 8 which was denied. The jury brought in a verdict in favor of the plaintiff in the sum of $2065.-65 which was in excess of the award made by the bureau to Ellsworth La Duke. Judgment was entered on the verdict. This appeal is from that judgment.

The defendant specifies as errors the granting of the plaintiff's motion to strike out Paragraph 8 of defendant's amended answer; the refusal to admit evidence to sustain the allegations of that paragraph; the overruling of the defendant's motion at the end of the trial for a directed verdict, and submitting the issues to the jury. No question is raised as to the amount of the verdict or the sufficiency of the evidence to sustain it. The only ques-

tion here argued and now before the court is whether striking out the defense alleged in Paragraph 8 of defendant's amended answer was error. A decision on that is controlling on the other errors assigned.

The defendant, E. W. Wylie Company, contends that since it is an employer who has fully complied with the workmen's compensation law it is immune from liability to the plaintiff; that it has paid into the fund the amount assessed against it and that the contributions so made by it became a part of a common fund from which all awards made by the bureau are paid; that said fund is made up from premium rates computed upon classification of employments. Sec 65–0401 NDRC 1943; that both defendant and Consolidated Freightways, Inc., are engaged in the same line of business and included in the same classification; that both the corporations are protected by said act as against actions for damages by the employees of either of them; that the employees are entitled only to the compensation provided by the fund.

Plaintiff on the other hand contends that it is only in cases where the relationship of employer and employee exists between the injured employee and the employer that the latter is protected under the act. Otherwise stated, it is the contention of plaintiff that any employer other than the one employing the injured workmen, even though such employer complies fully with the terms of the act, is a third person within the purview of Sec 65–0109 NDRC 1943 as amended.

The question for decision is, therefore, whether or not the defendant, E. W. Wylie Company, is some other person than the fund who is liable to pay damages in an action at common law for the injuries occasioned by the negligence of its employees when the employer and the employee as well as the employer of the injured employee are all subject to and had fully complied with the workmen's compensation act at the time such compensable injuries were sustained.

Two sections of our workmen's compensation law are involved in this controversy. The plaintiff contends that Sec 65–0108 NDRC 1943 controls the situation in the case at bar. That section reads as follows:

". "An employer securing the payment of compensation to his employees by contributing premiums to the fund shall be relieved thereby of all liability for personal injuries or death sustained by his employees, and the persons entitled to compensation under the provisions of this title shall have recourse therefor only to the fund and not to the employer."

The defendant in support of his contention cites Sec 65–0428 as amended by Chap 354 SL 1949, which reads as follows:

"Employers who comply with the provisions of this chapter shall not be liable to respond in damages at common law or by statute for injury to or death of *any* employee wherever occurring, during the period covered by the premiums paid into the fund."

The defendant contends that Sec 65–0428 as now amended is plain and unambiguous and, therefore, is not subject to construction by the courts. He points out that the statute employs ordinary, plain language when it says that the employer shall not be liable for damages "for injuries to or death of *any employee* wherever occurring during the period covered by the premiums paid into the fund."

It will be noted that there is in that language no limitation on the term, "any employee." It is not limited to employees of those who have paid their premiums to the workmen's compensation fund. The language of the section does not indicate that the injury must occur in the course of the employment of the employee, nor does it limit it to the place of employment. If an employer or his employee, during the time for which his premium was paid into the compensation fund, negligently collided with any employee anywhere, he would, according to the literal meaning of the phrase used, be relieved of liability. Such literal meaning of the language employed would constitute absolute insurance of such an employer against an action for damages by any employee.

Such results as would follow the plain language of the section would greatly enlarge the scope of the workmen's compensation act beyond even the intent contended for by the defendants and would lead to uncontemplated results.

Sutherland in his work on Statutory Construction, (3d Ed by Horack) Vol 2, Sec 4701, p 333, writes:

" 'Where the intention of the legislature is so apparent from the face of the statute there can be no question as to the meaning, there is no room for construction.' Only in this situation will the court in applying the words of the statute follow the rule of literal interpretation. For although many expressions of approval for the rule may be found in the cases it is perfectly clear that if the literal import of the words is not consistent with the legislative intent, or such interpretation leads to absurd results, the words of the statute will be modified by the intention of the legislature. The modern cases also indicate that courts today rather than beginning their inquiry with the formal words of the act consider from the start the legislative purpose and intention. This tendency is to be commended for it is more consonant with the proper judicial use of statutory materials."

"Where the court is satisfied that adherence to the strict letter of the law would defeat the object or intent of the legislature it is the duty of the court to regard the intent of the legislature even where to do so it is compelled to restrain the letter." Vermont Loan & Trust Co. v. Whithed, 2 ND 82, 49 NW 318.

In Walker v. Haley, 110 Tex 50, 214 SW 295, 5 ALR 1185, it is said: "It is the intention of a law which is the law, and once truly ascertained, it should prevail, even against the strict letter of the law."

In Town of Clayton v. Colorado & Southern Railroad Co., US Cir Ct of App 10th Cir, 51 Fed2d 977, 82 ALR 417, the court says:

"Where, however, the language is of doubtful meaning, or where adherence to the strict letter would lead to injustice or absurdity, or result in contradictory provisions, it devolves upon the court to ascertain the true meaning. (Citations.) The general design and purpose of a statute should be kept in mind and its provisions should be given a fair and reasonable construction with a view to effecting its purpose and object. (Citations.)"

Our workmen's compensation act was enacted by the legislature in 1919 as Chapter 162. Its purpose, as expressed in Sec

1, was to provide "for workmen injured in hazardous employ-ments and for families and dependents sure and certain relief" regardless of fault. All remedies in such cases except those pro-vided by the act were abolished. This was done because, as the legislature declared, "the prosperity of the state depends in a large measure upon the well being of its wage earners." The act then provided for a fund contributed by employers from which compensation was paid for injuries to employees. For the certainty of such compensation the employee coming under the act surrenders his common law right of action for damages against his employer. The employer coming under the act is exempted from liability for damages on account of such injuries. Thus was provided a more certain, speedy and inexpensive relief for the injured workman than was afforded by the common law rule of negligence. Industry was made to bear a portion of the economic loss resulting from the employment itself in which both employer and employee were engaged as co-adventurers. The ultimate end is to lighten the burden imposed upon society by reason of industrial accident and disease.

The conflict, if any, in the two sections involved arises from the use of the term "his employees" in Sec 65–0108 NDRC 1943 and the use of the words "any employee" in Sec 65–0428 1949 Supp NDRC 1943 (Chapter 354 SL 1949).

The two phrases in question came into our law at the same time and as parts of the same statute, Chap 162 SL 1919. Section 6 of that act provided that a qualifying employer should:

"be relieved from all liability for personal injuries or death sustained by his employees"
while Section 9 provided:

"Employers who comply with the provisions of Sections six and seven shall not be liable to respond in damages at common law or by statute for injury or death of any employee, . . . ."

It is the duty of the court to so construe a statute as to har-monize apparently conflicting provisions, if possible. City of Minot v. Amundson, 22 ND 236, 133 NW 551; State ex rel. Erickson v. Burr, 16 ND 581, 113 NW 705. Where the statute contains language that is seemingly contradictory, it should be

construed, if possible, to carry out the intent of the legislature. Ophaug v. Hildre, 77 ND 221, 42 NW2d 438. In determining this intent the entire act must be considered and the parts thereof taken and compared together. State v. Sheridan County, 72 ND 254, 6 NW2d 51; Coverston v. Grand Forks County, 74 ND 552, 23 NW2d 746; Eddy County v. Wells County, 73 ND 33, 11 NW2d 60; Harding v. City of Dickinson, 76 ND 71, 33 NW2d 626; Murie v. Cavalier County, 68 ND 242, 278 NW 243; City of Dickinson v. Thress, 69 ND 748, 290 NW 653. One way to ascertain the intention of the legislature as expressed by certain words is to find, if possible, where the legislature used the same words with other context where the legislative intent is plain. In Gimble v. Montana-Dakota Utilities Co., 77 ND 581, 44 NW 2d 198, we held that where a phrase used in an original act is repeated with like context in an amendment it is presumed that the legislature intended to use it in the same sense and with the same effect in the amendment as in the original act.

Section 65–0429 NDRC 1943, which was formerly Section 12 of the original act, permits employers carrying on non-hazardous employment to voluntarily comply with and be protected by the act. Complying employers of this class "shall not be liable to respond in damages at common law or by statute for injuries to or the death of *any* employee, wherever occurring, during the period covered by such premiums, if the injured employee has remained in the service of such employer with notice that the employer has paid into the fund the premiums provided for under the provisions of this title." In that context it is clear that "any employee" means the employee of the insured employer in whose service the employee is injured.

The general purpose of the act is to protect the employees coming within the act by: 1. permitting employees of complying employers to recover from the fund for disabilities suffered in the course of employment; 2. proceeding against a non-complying employer by bringing a suit for damages in which certain defenses are denied the employer (Sec 65–0901 NDRC 1943) or applying to the bureau for an award of compensation (Sec 65–0902). In the latter section it is said: *"Any employee* whose

employer has failed to comply with the provisions of chapter 4" may apply for an award.

Section 9 of the original act, which states the exemption from suit accorded to complying employers, uses the term "any employee" but Section 11 dealing with the liability of non-conforming employers says: "Employers subject to this Act, who shall fail to comply with the provisions of Sections six and seven hereof, shall not be entitled to the benefits of this Act during the period of such non-compliance, but shall be liable to *their* *employees* for damages suffered by reason of injuries sustained in the course of employment, . . . ."

In Catholic Order of Foresters v. State, 67 ND 228, 271 NW 670, 109 ALR 979, this court said:

"the word 'any' is a general word and may have a diversity of meanings, its meaning in any particular case depending largely upon the context and subject matter of the statute or instrument in which it is used."

The word "any" may generally be said to have a broad and unrestrictive meaning but the textual exegesis may indicate a restricted connotation. Dowd v. Sullivan, 217 Ind 196, 27 NE2d 82; U. S. v. Weil, 46 Fed Supp 323.

Under Sec 65–0108 the complying employer is relieved of liability for injuries or death sustained only by his employees and under Sec 65–0428 an employer who complies with the statute is relieved only from liability for injury to or death of any employee of that particular complying employer. This is the only construction that is consistent with the statute as a whole and consistent with the use of the term "any employee" in the next section, 65–0429, and the use of that term in Sec 65–0902.

Sec 65–0428 was Sec 9 of Chap 162, SL 1919, the original workmen's compensation act, and then read as follows:

"Employers who comply with the provisions of Sections six and seven shall not be liable to respond in damages at common law or by statute for injury or death of any employee, wherever occurring, during the period covered by such premiums so paid into the North Dakota Workmen's Compensation Fund, *provid-*

*ed that this section shall not apply to minors employed in viola-
tion of the law, in which case both remedies shall be applicable."*

If a minor under that proviso elected to sue rather than take
compensation, he certainly could sue only his own employer.
That indicates that the legislature had in mind the relationship
of employer and his employee when it enacted this section. The
reference to Sec 6 (Sec 65–0108) further indicates that the em-
ployer who paid premiums for the protection of his employee as
provided in Sec 6 is the employer referred to in Sec 9 (Sec 65–
0428). The proviso is the only new feature of Sec 9. Clearly
the intent of that section as a whole was that an employer was
not to be held liable in damages for an injury or death of his
employee unless such employee was an illegally employed minor.

The only change made in Sec 65–0428 by Chap 354 SL 1949
was the deletion of the proviso providing that a minor illegally
employed should have either compensation or the right of action
for damages against his employer. That such was the sole in-
tent of the amendment is further shown by the amendment in
the same chapter of subsection 5 of Sec 65–0102 making a minor
"sui juris" for the purposes of the workmen's compensation act.
That places the minor, whether or not legally employed, in the
same class as any other employee, as far as the workmen's com-
pensation act is concerned. Clearly no change in the meaning
of Sec 65–0428 as regards the "employer" was made by Chap
354 SL 1949. That amendment gave the portion retained no
force or effect further than existed prior to the amendment. City
of Fargo v. Ross, 11 ND 369, 92 NW 449. Furthermore, there
was no repealing clause in Chap 354 SL 1949 and no reference
made to Sec 65–0108. Repeals by implication are not favored.
Coulter v. Ramberg, — ND —, 55 NW2d 516, 520.

This court has repeatedly held that the relationship of em-
ployer and employee must exist in order to make the provisions
of the workmen's compensation act applicable. See Kronick v.
McLean County, 52 ND 852, 204 NW 839; Mutual Life Ins. Co.
v. State, 71 ND 78, 298 NW 773, 138 ALR 1115; Groff v. State,
72 ND 554, 9 NW2d 406; Starkenberg v. Workmen's Compen-
sation Bureau, 73 ND 234, 13 NW2d 395.

In Ethen v. North Dakota Workmen's Compensation Bureau, 62 ND 394, 244 NW 32, this court says:

"Employers making such contributions (to the fund) are not liable to respond in damages for injuries to *their employees.*"

The South Dakota court has held that compensation under workmen's compensation law is based on relationship of employer and employee. Benson v. Sioux Falls Medical and Surgical Clinic, 62 SD 324, 252 NW 864; Roush v. Town of Esmond, 73 SD 406, 43 NW2d 547; Schumacher v. Schumacher, 67 SD 46, 288 NW 796.

"The provisions of the Workmen's Compensation Act are construed liberally in favor of the workman. The fund is created to protect the workman." Booke v. Workmen's Compensation Bureau, 70 ND 714, 718, 297 NW 779.

There is no provision anywhere in our statute to indicate that an employee was deprived of his common law rights to a suit for damages against anyone except his own employer. An existing common law right is not to be taken away by statute unless by direct enactment or necessary implication. King v. Viscoloid Co., 219 Mass 420, 106 NE 988, 7 NCCA 254, Ann Cas 1916D 1170.

Defendant contends as further grounds for his position that the premiums he pays are commingled into a common fund "which is used for the payment of expenses of administration and of all compensable claims of injured employees *irrespective of the amount* of premiums which the employer contributes to such fund." The provisions of the act providing for the fund do not support such an inference. Sec 65–0404 NDRC 1943, as amended by Chapter 338 SL 1945, provides that the employer shall pay into the fund annually the amount of premium determined by the board "based on a portion of the annual expenditure of money by such employer by service of persons subject to provisions of this title. . . ." Sec 65–0403 NDRC 1943, provides that the bureau "shall keep an account of the moneys received from each individual employer and of the amount disbursed from the fund on account of injuries to and deaths of employees of each employer." Sec 65–0417 NDRC 1943 provides that: "The bureau may establish a system of the experience rating of risks

of employers contributing to the fund, and such system shall provide for the credit merit rating and the penalty rating of individual risks within such limitations as the bureau may establish from time to time." Sec 65–0429 provides that any employer carrying on any employment not classified as hazardous under Sec 65–0102 who complies with the provisions of the act and pays the premiums provided "shall not be liable to respond in damages at common law or by statute for injuries to or the death of any employee, wherever occurring, during the period covered by such premiums, if the injured employee has remained in the service of such employer with notice that the employer has paid into the fund the premiums provided for under the provisions of this title."

The only inference that can be drawn from these provisions of the act is that the premiums are based upon the risk involved by each employer and cover the protection provided for his employees only. Each employer pays in proportion to his payroll and his accident experience shown in each case.

Defendant also contends that if Sec 65–0428 is construed as contended for by the plaintiff "such construction would render it so discriminatory as to violate the 'equal privileges and immunities clause' of the state constitution, (Section 20), and the 'equal protection of law' clause of the Federal constitution" (Article 14.) Those clauses have often been passed upon by the courts. As long as the law operates alike on all members of a class including all persons similarly situated it is not in violation of those sections. Classification must be based upon such differences in situation or purposes between the persons included in the class and those excluded therefrom as fairly and naturally suggest the propriety of and necessity for different or exclusive legislation in the line of the statute in which the classification appears. "The 14th. amendment does not prohibit reasonable classification of persons and things for the purpose of legislation but such classification is distinctly contemplated by the amendment. State may classify person and objects for the purpose of legislation if the classification is based on proper and justifiable distinction considering the purpose of the law." Bratberg v. Advance-Rumely Thresher Co., 61 ND 452, 473,

238 NW 552, 78 ALR 1338. See also Vermont Loan & Trust Co. v. Whithed, 2 ND 82, 94, 49 NW 318; Peterson v. Panovitz, 62 ND 328, 243 NW 798, 84 ALR 1290; 71 CJ Workmen's Compensation Acts, Sec 28, p 280, 16 CJS, Constitutional Law, Sec 552, p 1111; 12 Am Jur, Constitutional Law, Sec 478, p 144.

Sec 65–0428 when construed as contended for by plaintiff puts all employers and employees under the act in two classes. First is the class of the employers who pay premiums for the protection the workmen's compensation law guarantees them with regard to their own employees. Such premiums may differ because of the difference in payroll and risk but each employer similarly situated is treated the same with regard to his own employees. In that class the employer is exempted from actions for damages by his employees. The employees are protected by compensation. The other class is that of employers and their employees who are liable for negligently causing injury or death to employees of others than themselves and thus become liable for damage actions as a third party under Chapter 355 SL 1949. That applies equally to all employers and employees similarly situated. Thus the law makes a fair and justifiable distinction between the two classes considering the purpose of the law and gives equal protection of the law to each class.

All of the states in the union, and Alaska, Puerto Rico and Hawaii now have workmen's compensation acts and all but two provide that "when compensable injury is the result of a third person's tortious conduct the right of action against the tort feasor is preserved. The compensation system was not designed to attain immunity to strangers. 2 Larson Workmen's Compensation Law. Third Party Actions, Sec 71, p 165. . . . In most jurisdictions the concept of 'third persons' against whom common law actions may be brought for compensable injuries includes all persons other than the injured persons or employer." 2 Larson's Workmen's Compensation Law, Third Party Actions, Sec 72, p 170.

However, by statute in some states some limitation has been prescribed in regard to bringing suits against other persons than the employer. In Alabama a third party under the act is liable only up to the amount of the compensation payable. 2 Larson's

Workmen's Compensation Law, Third Party Actions, Sec 72.40 p 182. In Illinois the statute provides that an employee who suffers a compensable injury under circumstances creating a legal liability in some third person has no right of action against such third person if the employer and third person were covered by the act. Such right is transferred by law to his employer who may recover only the amount of the compensation paid. Chapter 48, Sec 166 Illinois Revised Statutes, 1945 p 1659; 1 Schneider Workmen's Compensation Law, Who Comes Under the Act? Secs 44, 45 p 339. Washington goes the furthest of all. Neither the employer nor the employee may sue any other employer or employee subject to the compensation act. Washington Compensation Law, Sec 7675, 2 Larson's Workmen's Compensation Law, Third Party Actions, Sec 72.40, p 182.

Minnesota has provided that if all parties, the employee, the employer and tort feasor are under the act and if the tort feasor and employer were engaged at the time of the injury in the furtherance of a common enterprise and related purposes the tort feasor's liability is limited in damages to the amount of compensation provided under the compensation act. The Minnesota decisions cited by defendant come under that provision. The Minnesota court has found some difficulties in defining "common enterprise" and "related purposes." Those provisions, however, are not in our statute and the cases cited are, therefore, not applicable. Court decisions from those states are not in point under our law.

In former opinions of this court it is indicated that the North Dakota Workmen's Compensation Law was modeled on the Ohio law. State ex rel. Woods v. Hughes Oil Co., 58 ND 581, 601, 226 NW 586; Fahler v. Minot, 49 ND 960, 977, 194 NW 695; State ex rel. Dushek v. Watland, 51 ND 710, 720, 39 ALR 1169, 201 NW 680.

The Ohio Workmen's Compensation Act provides:

"Employers who comply with the provisions of Section 1465-69 shall not be liable to respond in damages at common law or by statute, . . . for any injury, disease or bodily condition, whether such injury, disease or bodily condition is compensable under this act or not, or for any death resulting from such in-

jury, disease or bodily condition, of *any employee, wherever occurring, during the period covered by such premium so paid into* the state insurance fund or during the interval of time in which such employer is permitted to pay such compensation direct to his injured or the dependents of his killed employees as herein provided." Sec 1465–70 Throckmorton's Ohio Code, 1940, Title 3, Chap 10, p 758.

The language of our Sec 65–0428 reads much as if it had been borrowed from the italicized part of this section. The Ohio courts have, however, construed that section to apply only to an employer and his employee.

In the case of Trumbull Cliffs Furnace Company v. Shachovsky, 111 Ohio St 791, 146 NE 306, Shachovsky had been injured while working on the premises of the Trumbull Cliffs Furnace Company by the negligence of the furnace company. He was himself an employee of the Truscon Steel Co. Both companies had complied with the workmen's compensation act. Shachovsky applied for and accepted compensation under the act and then brought action against the furnace company. The defendant pleaded as a complete defense a compliance with the workmen's compensation act by itself and the independent contractor and the acceptance of compensation by the employee. The court held that the constitutional and statutory enactments did not deprive an employee of an action against a third person whose negligence caused him to be injured in the course of his employment even though he had accepted compensation under the act and even though the third person sued was an employer who had complied with the act.

This holding was confirmed in the case of Ohio Public Service Company v. Sharkey, 117 Ohio St 586, 160 NE 687, 27 NCCA 833. In that case an employee of the Youngstown Sheet & Tube Company was fatally injured in the performance of his duties by the employee of the Ohio Public Service Co. Both companies were insured under the Ohio Workmen's Compensation Act. The deceased man's widow applied for and received compensation under the act. The administrator of the deceased man's estate brought an action against the Ohio Public Service Co. Recovery was allowed.

In Herbruck v. Burger Iron Company, 44 Ohio App 475, 186 NE 372, the court said:

". . . the injured employee who received such compensation was not deprived of his common-law action against the party responsible for his injury unless the circumstances were such as to create the relation of master and servant between them, even though the party sued had complied with the Workmen's Compensation Law for the benefit of his employees, · . . . ." See also Arnold v. Ohio Gas & Electric Co., 28 Ohio App 434, 162 NE 765.

Other states not having the specific provision of Alabama, Illinois and Washington regarding third party suit have also held along the same line as the Ohio Court. In Harbour v. Graham Mfg. Co. (Texas Civ App) 47 SW2d 700, it was held:

"Where employee of independent contractor was electrocuted by defective light cord furnished by defendant's employees, employee's dependents could proceed against defendant for damages for death of employee, notwithstanding defendant was subscriber to compensation law."

In Moeser v. Shunk, 116 Kan 247, 226 Pac 784, the court, referring to a statute similar to our Sec 65–0109 SL 1949, p 505, said:

"The statute does not attempt in any way to determine the rights or liability of the employee in respect to a person not his employer. It does not repeal the statute providing for an action for wrongful death (RS 60–3203), nor does it take away from an employee his common-law right of action for injury to the person against one not his employer who by negligence has caused the death or injury." See also Bristol Telephone Company v. Weaver, 146 Tenn 511, 243 SW 299.

In Smale v. Wrought Washer Mfg. Co., 160 Wis 331, 151 NW 803, the plaintiff, an employee of the Andrae Company, was sent to the shop of the Washer Company to do some work, and while doing the work was seriously injured by reason of the negligence of the Washer Company. Both Andrae Company and the Washer Company were under the workmen's compensation act. The defendant there as here contended that since it and the plaintiff's employer were both subject to the provisions of the

workmen's compensation act it was not liable to an action at law. The court in disposing of this contention said:

"The claim cannot be sustained. The purpose and effect of the workmen's compensation act is to control and regulate the relation between an employer and his employee. As between them the remedies there provided are exclusive when both are under the act at the time of the accident."

Construing our whole act according to the rules of construction, reconciling apparently conflicting terms in the two sections of the law here involved and having in mind the purpose of the act as hereinbefore expressed we believe that the legislative intent was that both Sec 65–0108 and Sec 65–0428 apply only to an employer and his employee. We conclude, therefore, that the ruling of the district court in excluding the defense set forth in Paragraph 8 of defendant's amended answer was correct. It follows that the court's rulings on the motion for directed verdict and submitting the case to a jury were also correct.

The judgment of the district court is affirmed.

MORRIS, Ch. J., and BURKE, J., concur.

CHRISTIANSON, J. (concurring). This controversy involves the application or construction of NDRC 1943, 65–0428 as amended by Laws 1949, Chapter 354, a section of the Workmen's Compensation Law of this state, which reads as follows:

"Employers who comply with the provisions of this chapter shall not be liable to respond in damages at common law or by statute for injury to or death of any employee, wherever occurring, during the period covered by the premiums paid into the fund."

The above section was embodied in the original act (Laws 1919, Ch. 162, Sec 9), although as pointed out in the opinion prepared by Judge Grimson a provision in the original act that this section should not be applicable to minors employed in violation of law was eliminated by the amendment made by Ch 354, Laws 1949.

The Workmen's Compensation Law was first enacted in this state as Chapter 162, Laws 1919. It was entitled:

"An Act Creating the North Dakota Workmen's Compensation Fund, for the Benefit of Employees Injured and the Dependents of Employees Killed in Hazardous Employment; Fixing the Duties and Liabilities of Employees and Employers; Creating the Workmen's Compensation Bureau and prescribing its Powers and Duties; Providing for Expenditures Hereunder and Limiting the Amount Thereof; and Making an Appropriation Therefor."

The Act provided that whenever used in the Act:

" 'Hazardous employment' means any employment in which one or more employees are regularly employed in the same business, or in or about the same establishment, except agriculture and domestic service, and any common carrier by steam railroad.

" 'Employee' means every person engaged in a hazardous employment under any appointment or contract of hire, or apprenticeship express or implied, oral or written, including aliens, and also including minors, whether lawfully or unlawfully employed, but excluding any person whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer." Laws 1919, Ch 162, Sec 2; NDRC 1943, 65-0102(4-5).

"It shall be unlawful for any person, firm, or corporation to employ anyone, or to receive the fruits of the labor of any person, in a hazardous employment as defined in this chapter, when such employee is not protected by workmen's compensation insurance in full force and effect. The bureau, by proper application to the courts of this state, may enjoin the unlawful employment of uninsured workers." NDRC 1943, 65-0105.

"An employer securing the payment of compensation by contributing premiums to the Workmen's Compensation Fund shall thereby be relieved from all liability for personal injuries or death sustained by his employees and the persons entitled to compensation under this Act shall have recourse therefor only to the North Dakota Workmen's Compensation Fund and not to the employer." Laws 1919, Ch 162, Sec 6; NDRC 1943, 65-0108.

While certain changes have been made in the Workmen's Com-

pensation Act the above provisions were contained in the original act and have been retained without substantial change.

The Workmen's Compensation Law in force at all times involved in this controversy provided:

" 'Injury' shall mean only an injury arising in the course of employment including an injury caused by the willful act of a third person directed against an employee because of his·employment, but such term shall not include an injury caused by the employee's willful intention to injure himself or to injure another, nor any injury caused by the voluntary intoxication of the employee. Such term, in addition to an injury by accident, shall include:

a. Any disease which can be fairly traceable to the employment." NDRC 1943, 65–0102(8).

"Where one performs service for another for a remuneration, whether the same is paid as a salary, commission, or otherwise, the person performing such service is presumed to be an employee of the person for whom the services are performed until the contrary is shown." NDRC 1943, 65–0103.

The law further provides that an employer who is subject to the provisions of the act and who fails to comply with the provisions thereof so as to secure the payment of compensation to his employees by contributing the prescribed premiums shall not be entitled to the benefits of the law during the period of noncompliance, "but shall be liable to his employees for damages suffered by reason of injuries sustained in the course of employment, and also shall be liable to the personal representatives of such employees where death results from such injuries. The employer shall not avail himself in such action of the following common law defenses: 1. The defense of the fellow-servant rule; 2. The defense of the assumption of risk; or 3. The defense of contributory negligence. The employer shall be liable for the premiums provided for in this title." NDRC 1943, 65–0901. And that any employee whose employer has failed to comply with the provisions of the law so as to secure payment of compensation to the employee under the Workmen's Compensation Act, who shall be injured in the course of his employment, in lieu of proceeding against his employer by civil action may file

an application with the Bureau for an award of compensation; that the Bureau shall hear and determine such application for compensation in like manner as in any other claims before the Bureau; that the Bureau may make an award and that if the employer fails to pay the award then judgment may be entered thereon in the district court for the amount of the award and that upon such final judgment being rendered against the employer the employee shall be entitled to compensation for such injury to be paid from the general fund of the Bureau. NDRC 1943, 65-0904.

In construing Workmen's Compensation Acts it has been held by the courts generally that in the absence of controlling statutes to the contrary an injured person or his dependents are entitled to compensation only if he is an employee, workman or servant of his employer at the time of the accident or injury. 71 CJ 420. See, also, 58 Am Jur Workmen's Compensation, p 665. And the holdings of this Court are to the same effect. As said in the opinion prepared by Judge Grimson:

"This Court has repeatedly held that the relationship of employer and employee must exist in order to make the provisions of the workmen's compensation act applicable. See Kronick v. McLean County, 52 ND 852, 204 NW 839; Mutual Life Ins. Co. v. State, 71 ND 78, 298 NW 773; Groff v. State, 72 ND 554, 9 NW2d 406; Starkenberg v. Workmen's Compensation Bureau, 73 ND 234, 13 NW2d 395."

In Mutual Life Ins. Co. v. State, supra, this Court said: "The relationship of employer and employee must exist in order to make the provisions of the Workmen's Compensation Act . . . applicable." In Starkenberg v. Workmen's Compensation Bureau, supra, this Court said:

"The relation of employer and employee must exist in order to render the North Dakota Workmen's Compensation Fund liable for compensation benefits. The Fund is not liable for injuries sustained by an independent contractor."

I agree that Sec 65-0428, supra, applies only in cases between an employer and his employee, and that the words "any employee" in such section have reference only to a person who sustains the relationship of an employee to the person or con-

cern claimed to be the employer. Indeed, I do not see how any other meaning can be attributed to it without ignoring the plain purpose and design of the statute and giving to the words "any employee" a meaning and intent inharmonious with the design and purpose of the act as evidenced by the statute considered as a whole. The legislative intention and purpose is to be determined from general consideration of the whole act with reference to the subject matter to which it applies and the particular topic to which the language in question is found. 59 CJ 993; Crawford Statutory Construction p 261.

"The act must be interpreted as a whole, and not by taking single words here and there to determine its true meaning." In Re Milwaukee Chapter, Izaak Walton League of America, et al, 194 Wis 437, 440–441, 216 NW 493, 495.

"In construing statute, court will not take detached sentences or sections, but take statute by its four corners, the better to ascertain intent of the lawmakers." (Syllabus, par 6) State v. Lee Chue, 130 Ore 99, 100, 279 Pac 285.

American Jurisprudence says:

"A statute is not open to construction as a matter of course. It is open to construction only where the language used in the statute requires interpretation, that is, where the statute is ambiguous, or will bear two or more constructions, or is of such doubtful or obscure meaning, that reasonable minds might be uncertain or disagree as to its meaning. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but it has been presumed conclusively that the clear and explicit terms of a statute expresses the legislative intention, so that such plain and obvious provisions must control. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for

itself, and any attempt to make it clearer is a vain labor and tends only to obscurity." 50 Am Jur pp 204–207.

It seems to me that when the Workmen's Compensation Law is considered as a whole the meaning of the words "any employee" in Sec 65–0428, supra, is so apparent that there can be no question as to their meaning in the enactment.

I agree that the statute as so construed and applied is in no sense violative of Sec 20 of the Constitution of the State of North Dakota or Art 14 of the Amendments to the Constitution of the United States.

I concur in an affirmance of the judgment.

I concur in the foregoing opinion by Judge CHRISTIANSON.

SATHRE, J.